CLARKE *v.* AMERICAN DOCK & IMPROVEMENT CO. *et al.*

(*Circuit Court, S. D. New York.   July 3, 1888.*)

DAMAGES—FOR PERSONAL TORT—EXCESSIVE—FALSE IMPRISONMENT—MALICIOUS PROSECUTION.
Where plaintiff, a respectable woman, was arrested at the instigation of defendants upon false charges of a forcible entry into a house of one of defendants, where she and her family had been living, and of an assault upon the other defendant, and was committed to jail with disorderly women, and required to give sureties of the peace without trial, and the arrest was procured without reasonable or probable cause, for the purpose of keeping plaintiff

away from the house until defendant could put her things out and tear down the house, a verdict of $4,000, in an action for malicious prosecution and false imprisonment, is not so manifestly excessive as to require a new trial.[1]

At Law.   On motion for new trial.

*T. C. Campbell* and *H. S. Ogden,* for plaintiff.

*R. W. De Forrest,* for defendants.

WHEELER, J.   This is an action for malicious prosecution and false imprisonment.   The jury found a verdict for the plaintiff with $4,000 damages.   The defendants have moved for a new trial solely because of excessive damages.   In *Gilbert* v. *Burtenshaw,* Cowp. 230, on a similar motion in a similar action, Lord MANSFIELD said:

"I should be sorry to say that in cases of personal torts no new trial should ever be granted for damages which manifestly show the jury to have been actuated by passion, partiality, or prejudice.   But it is not to be done without very strong grounds indeed, and such as carry internal evidence of intemperance in the minds of the jury.   It is by no means to be done where the court may feel that, if they had been on the jury, they would have given less damages, or where they might think the jury themselves would have completely discharged their duty in giving a less sum.   Of all the cases left to a jury none is more emphatically left to their sound discretion than such a case as this; and unless it appears that the damages are flagrantly outrageous and extravagant, it is difficult for the court to draw the line."

In *Whipple* v. *Manufacturing Co.,* 2 Story, 661, Mr. Justice STORY said that a verdict should not be set aside for excessive damages in cases of tort, "unless the court can clearly see that the jury have committed some very gross and palpable error, or have acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are to be regulated."   In *Barry* v. *Edmunds,* 116 U. S. 550, 6 Sup. Ct. Rep. 501, this language of Mr. Justice STORY is quoted with approval, several of the many other cases on the subject are reviewed, and the court, by Mr. Justice MATTHEWS, adds:

"In no case is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own view of the facts in evidence as the standard and measure of that justice which the jury itself is the appointed constitutional tribunal to award."

In this case the plaintiff was, so far as has been shown or is claimed, a respectable woman, the wife of a ship carpenter, and the mother of a family of six daughters, some of whom were grown up and away, and others were small and at home.   She was arrested at the instigation of the defendants on what the jury must have found to be false charges of forcible entry into a house of one of the defendants, where she had been living with her family, and of an assault upon the other defendant, and of a gross breach of the peace, and taken before a police court, and committed to jail with disorderly women, in default of bail immediately required under pretense of awaiting trial, and afterwards required to give sureties of the peace without trial, without any reasonable or probable

[1] See note at end of case.

cause, for the purpose of getting and keeping her away from the house until the defendants could put out her things and tear down the house. The actual pecuniary damages might be small; but the disgrace, humiliation, and shame of being arrested and sent to jail on such charges, for the sense and suffering of which she was entitled to recover damages, might be great. What would be adequate compensation could be measured by no standard, and the amount might properly be enhanced by the wanton disregard of the plaintiff's personal rights in taking such proceedings. *Day* v. *Woodworth*, 13 How. 363. It must rest in the judgment and discretion of the jury, and remain there, unless the jury are clearly made to appear to have departed from the exercise of their judgment and discretion. There is nothing shown nor claimed in that direction unless it is to be inferred from the amount of the verdict. That is not so very great, in view of all the circumstances of the case, as to show that it was reached otherwise than by considerate estimate. The motion cannot be granted but by an arbitrary exercise of the judgment of the court over that of the jury on a matter purely of fact confided by the law to that of the jury. This would be manifestly improper. Motion denied, and stay vacated.

## NOTE.

DAMAGES—EXCESSIVE—IN ACTIONS EX DELICTO. In actions for damages for personal torts it is within the strict province of the jury to estimate the extent of the injury, and assess the damages; and unless there is a manifest abuse of this trust, such as to indicate passion, prejudice, partiality, or unaccountable caprice or corruption, the trial judge ought not to interfere, and grant a new trial; and where the trial judge, as shown by the record on appeal, has expressed his disapproval of the verdict as being excessive, yet refused to set it aside in order that the supreme court might pass upon the facts, the supreme court will not, upon the ground of such disapproval or dissatisfaction with the amount of the verdict, grant a new trial. *Railroad Co.* v. *Roddy*, (Tenn.) 5 S. W. Rep. 286. See, also, cases cited in note.

In *Spear* v. *Hiles*, (Wis.) 30 N. W. Rep. 506, which was an action for malicious prosecution, the following charge of the trial court was approved on appeal: "If the jury find that the defendant wantonly and maliciously caused the arrest of the plaintiff, with intent to injure his feelings, and disgrace him in the estimation of the public, the jury not only may, but they ought to, go further, and give punitory damages in such a sum as will be a warning to the defendant and all other persons not to commit such wrongs and injuries. Punitory damages are given in law as an admonition to the defendant and all other persons not to perpetrate similar wrongs, and consequently such damages, to be effectual, must have some relation to the financial ability of the defendant." See, further, on the subject of exemplary damages in actions *ex delicto*, the cases cited in note to above case.

As to the allowance of exemplary damages for maliciously suing out an attachment, see *Rice* v. *Miller*, (Tex.) 8 S. W. Rep. 317, and cases cited in note.