## CUTHBERT *v.* GALLOWAY.

*(Circuit Court, S. D. New York. July 9, 1888.)*

1. ABATEMENT AND REVIVAL—OBJECTION TO JURISDICTION—WAIVER.
   Where plaintiff alleges in his complaint that he is a citizen of Pennsylvania, and defendant of New York, and defendant in his answer as to this allegation denies "any knowledge or information sufficient to form a belief," and then answers to the merits, he waives his plea to the jurisdiction, and the same is properly disregarded; and this rule is not altered by Code Civil Proc. N. Y § 513, recognizing and providing for the verification of dilatory defenses; and section 488, providing for a demurrer when want of jurisdiction of the court, or of capacity of plaintiff to sue, appears on the face of the complaint; and section 498, providing that the objection may be taken by answer when it does

not so appear, as applied to the practice of the U. S. courts by act of 1872, requiring the practice, pleadings. forms, and modes of procedure in civil causes other than equity and admiralty to conform "as near as may be" to those of the courts of record of the state.

2. MALICIOUS PROSECUTION—ADVICE OF COUNSEL.

In an action for malicious prosecution of special proceedings for an order of arrest and false imprisonment, it appeared that defendant was a member of a firm doing business as photographers in New York, and also of a like firm in Philadelphia; that the firms divided territory between themselves, and were not to encroach upon that of each other; that the New York firm was to have Connecticut, and appointed plaintiff agent for that territory, agreeing that he should have the exclusive right there, and certain commissions, and that he should collect all moneys and turn them over weekly, with a statement of receipts and disbursements; that this agreement was subsequently changed so that the firm were to charge him with what was furnished him at agreed prices, he to pay his own expenses, and make collections at his own risk: that on settlement there was an ultimate balance against plaintiff at the agreed rates, which he refused to pay, claiming damages in consequence of an agent of the other firm having encroached on his territory; that thereupon an order of arrest was procured by defendant on the ground that this balance was received by plaintiff in a fiduciary capacity, under which plaintiff was arrested on Friday, and committed to jail, from which he was released on the following Monday, the order having been dissolved. *Held* that, defendant having admitted that he did not lay the facts with reference to the doing of business by the agent of the Philadelphia firm in plaintiff's territory, or the change from selling for the New York firm to purchasing from them, before his counsel at the time of applying for the order of arrest, the advice of counsel was not a shelter from liability.[1]

3. SAME—PROBABLE CAUSE—VERDICT OF JURY.

Neither is it a defense to such action that the general term of the city court reversed the order vacating the order of arrest, that order being reversed on appeal by the court of common pleas; and that, on the trial of the action in which the order of arrest was issued, verdict was directed for plaintiff therein, and then set aside by the trial judge. plaintiff thereupon dismissing his action.[2]

4. SAME—DAMAGES—EXCESSIVE.

In such action a verdict for plaintiff for $3,500 damages will **not** be set aside as excessive.[3]

At Law. On motion for new trial.

*Marshall P. Stafford*, for plaintiff.

*Charles M. Stafford*, for defendant.

WHEELER, J. This is an action for malicious prosecution of special proceedings for an order of arrest and false imprisonment. On the trial the jury found for the plaintiff. The defendant has moved for a new trial on several grounds.

[1] As to how far defendant, in an action for malicious prosecution, may rely upon the advice of counsel, and as to the necessity of stating to counsel all the facts in the case upon which advice is sought, see Norrel v. Vogel, (Minn.) 38 N. W. Rep. 705, and cases cited in note.

[2] As to how far the acquittal or conviction of defendant in the original action is evidence of probable cause or the want thereof, in actions for malicious prosecution, see Jones v. Finch, (Va.) 4 S. E. Rep. 342; Clements v. Apparatus Co., (Md.) 10 Atl. Rep. 442, and note; Diemer v. Herber, (Cal.) 17 Pac. Rep. 205, and case cited in note.

On the general subject of probable cause, and what is evidence thereof in actions for malicious prosecution, see Bartlett v. Hawley, (Minn.) 37 N. W. Rep. 580, and note; Coleman v. Allen, (Ga.) 5 S. E. Rep. 204; Dearmond v. St. Amant, (La.) 4 South. Rep. 72; Railroad Co. v. Mitchell, (Ga.) 5 S. E. Rep. 490, and note; Norrel v. Vogel, (Minn.) 38 N. W. Rep. 705.

[3] See the note to Clarke v. Improvement Co., *post*, 478.

The first is want of jurisdiction. The plaintiff alleged in his complaint that he was a citizen of Pennsylvania, and the defendant of New York. As to this the defendant, in his answer, denied "any knowledge or information sufficient to form a belief," and then answered to the merits. On cross-examination the plaintiff answered questions concerning his residence in a manner which tended to show that he was a citizen of New York, and on re-examination that he was a citizen of Pennsylvania. The defendant moved the court to direct a verdict for the defendant for want of jurisdiction. This was denied, and nothing further with reference to this question took place. That, where the jurisdiction of the courts of the United States depends upon citizenship of the parties, the requisite citizenship must be substantially set forth somewhere in the proceedings, appears to have been settled from the earliest times. That, when well set forth, the want of it, if to be relied upon to defeat the jurisdiction, must be set forth in advance of proceeding to the merits, was also well established. In *De Wolf* v. *Rabaud*, 1 Pet. 476, Mr. Justice Story said:

"It has been recently decided by this court, upon full consideration, that the question of such citizenship constituted no part of the issue upon the merits, and must be brought forward by a proper plea in abatement in an earlier stage of the cause."

In *Smith* v. *Kernochen*, 7 How. 198, Mr. Justice Nelson said:

"The objection came too late after the general issue, for, when taken to the jurisdiction on the ground of citizenship, it must be taken by a plea in abatement, and cannot be raised in a trial on the merits."

In *Sheppard* v. *Graves*, 14 How. 505, Mr. Justice Daniel said:

"Thus it has ever been received as a canon of pleading that matters which appertain solely to the jurisdiction of a court, or to the disabilities of a suitor, should never be blended with questions which enter essentially into the subject-matter of the controversy; and that all defenses involving inquiries into that subject-matter imply, nay admit, the competency of the parties to institute such inquiries, and the authority of the court to adjudicate upon them."

And, after stating the confusion and incongruities which would arise from blending judgments on verdicts that the court could or could not render judgment on with judgment on the merits, he further said:

"That the true doctrine applicable to the question is this: that although in the courts of the United States it is necessary to set forth the grounds of their cognizance as courts of limited jurisdiction, yet whenever jurisdiction shall be averred in the pleadings in conformity with the laws creating those courts, it must be taken *prima facie* as existing, and that it is incumbent on him who would impeach that jurisdiction for causes *dehors* the pleading to allege and prove such causes; that the necessity for the allegation and the burden of sustaining it by proof both rest upon the party taking the exception."

The same doctrine was held in *Spencer* v. *Lapsley*, 20 How. 264; *Bell* v. *Railroad Co.*, 4 Wall. 598; *Railroad Co.* v. *Harris*, 12 Wall. 65. In the latter case Mr. Justice Swayne said: "In the proper order of pleading, which is obligatory, a plea in bar waives all pleas, and the right to plead, in abatement." These cases, with others to the same effect, were decided before the act of 1872, requiring the practice, pleadings, forms,

and modes of procedure in civil causes other than equity and admiralty to conform "as near as may be" to those of the courts of record of the state; and in New York its Code of Civil Procedure, and not the common-law system of pleading, prevails. This is, however, a rule of law which lies deeper than mere form and mode of procedure, as the language of the distinguished jurists quoted shows, and that was not altered by this adoption of the systems of practice of the various states. *Ex parte Fisk*, 113 U. S. 713, 5 Sup. Ct. Rep. 724. In *Farmington Village Corp.* v. *Pillsbury*, 114 U. S. 138, 5 Sup. Ct. Rep. 807, decided in 1885, the rule of pleading requiring objection to the jurisdiction on account of citizenship to be brought forward before pleading to the merits as it existed before the act of 1872 was recognized and applied as being still in force. So, also, in *Hartog* v. *Memory*, 116 U. S. 588, 6 Sup. Ct. Rep. 521. In this case Mr. Chief Justice WAITE stated the rule as existing up to the act of 1875, (18 St. 470,) and that in its general scope it had not been altered by that act. The Code of Civil Procedure, by section 513, recognizes dilatory defenses which do not involve the merits of the cause, and provides for their verification. And although by section 487 a defendant is allowed no pleading but a demurrer or an answer, section 488 provides for a demurrer when want of jurisdiction of the court, or of capacity of the plaintiff to sue appears on the face of the complaint; and section 498, that the objection may be taken by answer when it does not so appear. These provisions of the Code do not appear to attempt to abolish dilatory defenses, but to prepare the way for them. This denial of knowledge or information sufficient to form a belief as to the plaintiff's citizenship would seem to be sufficient to put the plaintiff to proof of his statement, if it was a part of the cause of action, or material to his right of recovery. Sections 522, 524. As a plea to the jurisdiction its allegation of want of knowledge or information is wholly immaterial. A direct denial even of the citizenship alleged by the plaintiff would not be sufficient. Such a plea must be certain to a certain intent in every particular. 1 Chit. Pl. 444; *Scott* v. *Sandford*, 19 How. 393. In this case it should either allege that the plaintiff was a citizen of New York, the same as the defendant, or deny that he was a citizen of Pennsylvania, or of any other state, or an alien. And this denial or averment, whatever it amounts to, was pleaded with defenses to the merits on which the parties proceeded to trial, and was, on the cases and principles stated, thereby waived. There was nothing left for trial but the merit of the cause of action, and this question of jurisdiction appears to have been properly disregarded.

This defendant, with others non-resident and not served with process, were a firm doing business of photographers in New York. His copartners, with still others, constituted other firms doing a like business in Boston and Philadelphia. These firms sent out agents to take negatives to be sent in to be printed and finished and returned to the agents to be furnished to customers. The firms divided the territory between themselves, and were not to encroach upon that of each other. The New York firm was to have Connecticut, and appointed the plaintiff agent for that territory, by writing, in which it was agreed that he should have the

exclusive right there, and certain commissions; that he should collect. all moneys, and turn them over to the firm weekly, with a statement of what was received and paid out; and that, in case of any differences between them, the differences should be submitted to arbitrators chosen by them. After doing business under this arrangement for a time, it was, as the plaintiff claims, changed, so that thereafter the firm were to charge what they furnished to the plaintiff at agreed prices, and he was to pay his expenses, and make collections at his own risk. The Philadelphia firm sent an agent into Connecticut who took negatives there, and furnished photographs, on which the profits at the agreed prices would amount to several hundred dollars. There was an ultimate balance of $45.70 against the plaintiff at the agreed rates. He claimed that the firm should make him good for what he lost on account. of the business done by that agent, and that they should allow him much more than this balance, and refused to pay it on that account. They had some proceedings towards an arbitration, which were broken off by the defendant; and this order of arrest was procured by him on the ground that this balance was received by the plaintiff in a fiduciary capacity, from a judge of the city court. The plaintiff was arrested on Friday and committed to jail. The order of arrest was vacated on Saturday, and the plaintiff was released on Monday. The general term of the city court reversed the order vacating the order of arrest, and that order was reversed on appeal by the court of common pleas. The suit was tried in the city court, and a verdict was directed in favor of the plaintiff, which was set aside by the judge before whom the case was tried, and the plaintiff discontinued the suit. The defendant claims that he had probable cause to proceed as he did, and relies upon the advice of his counsel to procure the order of arrest; the decision of the general term of the city court sustaining the order; and the verdict of the jury,—as defenses to this suit. He now relies upon the failure of them as such at the trial as grounds for a new trial. The defendant admitted on cross-examination that he did not lay the facts with reference to the doing of business by the agent of the Philadelphia firm in the plaintiff's territory, or the change from selling for the New York firm to purchasing from them, before his counsel. These facts were very material to the case in respect to the order of arrest, and counsel could not give proper and reliable advice in regard to the right to such an order without being possessed of them. Such advice would not be a shelter unless all the material facts were fairly presented to the counsel. *Stewart* v. *Sonneborn*, 98 U. S. 187.

The defendant could not recover in the action against the plaintiff unless he proved on the trial that the plaintiff held the money in a fiduciary capacity, so as to be liable to arrest. Code Civil Proc. § 549. A verdict of the jury passing upon the facts for the defendant would show probable cause. *Whitney* v. *Peckham*, 15 Mass. 243; *Cloon* v. *Gerry*, 13 Gray, 201. But there was no trial of the facts by the jury; the court directed the verdict, and set it aside. It was a mistrial, and established nothing.

The restoration of the order of arrest, like the granting of it in the first place, was provisional merely, and preliminary to the trial on the merits, by which the right to hold to bail would be determined. It was similar to the preliminary examination in criminal cases. The decision to hold to bail in such cases, if evidence of probable cause, does not establish it, as a verdict of guilty on a trial in chief would. *Bacon* v. *Towne*, 4 Cush. 217; *Burt* v. *Place*, 4 Wend. 591. These circumstances, with all the others in the case, were laid before the jury, and they have found from all the evidence that at the time the defendant took the proceedings for arrest his firm had no claim against the plaintiff for money held in a fiduciary capacity, and no fair or reasonable ground to suppose that they had, and that the proceeding was instituted to compel the plaintiff to relinquish his claims contrary to law. No question was made about the charge to the jury but what is covered by these considerations.

The jury found for the plaintiff to recover $3,500 damages. The defendant moves to set aside the verdict for, among the other grounds treated of, excessive damages. The motion in *Clarke* v. *Improvement Co., post,* 478, to set aside the verdict for excessive damages, was under consideration at the same time with this motion. The cases are so similar that what was said in that case is applicable to this, and the reasons for denying the motion there appear to be controlling in respect to this part of this motion. They are referred to without being repeated. The result is that this motion must be denied.