KATE F. MONJO, RESPONDENT, v. DOMINGO M. MONJO, APPELLANT.

*Divorce — right of a husband, to whom the custody of the child is given by the decree, to have the wife arrested for refusing to give up the child, considered — damages for false imprisonment.*

A husband procured an absolute divorce from his wife, and by the decree entered in the action was awarded the custody of their children, one of whom was afterwards found by the husband in the possession of the mother, who refused to give the child up; a policeman was finally called and by direction of the husband arrested the mother and conducted her to the station-house, where she remained all night and was discharged by the police justice the next morning, when the child was given up to the husband.

*Held,* that the husband was liable to the mother for the damages resulting from her arrest and confinement in the station-house.

That he could have taken the child by force in a gentle manner, but he could not arrest the mother because she refused to voluntarily give up the child.

APPEAL by the defendant from a judgment rendered at the Kings County Circuit, after a trial before the court and a jury, by the latter of which a verdict was rendered in favor of the plaintiff for the sum of $3,000 damages, which judgment was entered in the office of the clerk of Kings county on the 25th day of April, 1889 ; and, also, from an order denying the defendant's motion for a new trial made upon the minutes of the court upon all the grounds provided for in section 999 of the Code of Civil Procedure.

The action was brought to recover damages for an alleged false imprisonment of the plaintiff by the defendant on the 14th day of August, 1888. The parties to the action had formerly been hus-

band and wife and had been divorced by a decree of the Supreme Court of the State of New York in favor of the husband against the wife, by the terms of which decree the custody of the children was given to the husband and father.

*George W. Wingate,* for the appellant.

*James N. Lyddy,* for the respondent.

BARNARD, P. J.:

The general facts which surrounded this case are undisputed. In April, 1888, the defendant procured an absolute divorce from the plaintiff. The decree awarded the custody of the children to the defendant. He had two of them, but the plaintiff kept from him the possession of the youngest. In August, 1888, the defendant found his child with the plaintiff, her mother, in a restaurant in New York. The defendant had the decree which entitled him to the child, and the wife, the plaintiff, refused to give her up. A policeman was finally called in, and the dispute drew a crowd of people. The policeman finally, by direction of defendant, arrested the plaintiff and conducted her to the station-house. The sergeant in charge took a minute of some charge, it does not appear what, and the wife still refusing to give up the child, she was locked up in the station-house all night with her little daughter, the subject of the dispute. On the next morning the police justice gave up the child to the defendant and discharged the plaintiff. The only dispute is as to the fact whether the arrest and detention was caused by defendant's order, and the jury have found for the plaintiff upon the issue. The defendant mistook his remedy. He could have taken the child by force, if the decree allowed, in a gentle manner, but he could not arrest the plaintiff because she refused to voluntarily give up the child. Assuming an illegal arrest, the damages are not excessive. The plaintiff was taken to a public place and conducted through a public street to the station-house, and detained in a lock-up or cell under surroundings which would humble and humiliate her. There was no evidence tending to show that the arrest was made, for a breach of the peace or for acts which tended to a breach of the peace. A request to charge must rest upon evidence. The jury may find a fact against the statement of both the parties, it is

true, but there must be evidence in the case somewhere which justifies such a finding. This evidence is nowhere to be found in this case. The arrest was a mistake in the law on the part of the police officer, and the only question was whether the defendant directed it.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.