.King vs. Johnston and another.

KING, Appellant, vs. JOHNSTON and another, Respondents.

*February 25 — March 22, 1892.*

*False imprisonment: Malicious prosecution: Malicious abuse of legal process: Pleading.*

1. In an action for false imprisonment the complaint should allege facts showing that the imprisonment was extra-judicial or without legal process.

2. In an action for malicious prosecution the complaint should allege facts showing that the criminal action had terminated.

3. A complaint alleged that defendants wrongfully, maliciously, and without reasonable or probable cause procured a warrant charging plaintiff with having committed the crime of burglary by breaking and entering an office of which, it is alleged, plaintiff was lessee and entitled to possession; that plaintiff was arrested on such warrant by a person unknown to him, who claimed to be a deputy sheriff, aided and assisted by defendants; that said arrest was made in an insolent and insulting manner, on a passenger train, in the presence of passengers with whom plaintiff was acquainted; that plaintiff was taken from the car and marched through the streets to the office of the justice issuing the warrant, and that since said time defendants have not proceeded to try plaintiff on said charge. *Held,* that such complaint did not state a cause of action for malicious abuse of legal process.

APPEAL from the Circuit Court for *Waupaca* County.

The complaint alleges, in effect, that the plaintiff was, November 6, 1890, the lessee of certain rooms in Smith's block in New London, wherein the New London Times was published, and entitled to the possession thereof; that on that day, at New London, the defendants wrongfully, maliciously, and without reasonable or probable cause procured a warrant charging the plaintiff with having committed the crime of burglary by breaking and entering said office on the day named; that said warrant was served by some person unknown to the plaintiff, who took him into custody under the same, aided and assisted by the defendants; that said arrest was made in an insolent and insulting manner, on a passenger train, and in the presence of passengers with whom the plaintiff was acquainted; that the plaintiff was taken from said car by an unknown person, claiming to be a deputy sheriff, and the said defendants, and marched through the public streets to the office of the justice issuing said warrant; that since said time the defendants have not proceeded to try the plaintiff on said charge.   The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   From an order refusing to strike out such demurrer as frivolous the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Chas. D. Smith,* and for the respondents on that of *F. C. Weed.*

To the point that the complaint states a cause of action for abuse of process, counsel for the appellant cited *Redway v. McAndrew,* L. R. 9 Q. B. 74; 22 W. R. 60; 29 L. T. N. S. Q. B. 421; *Munns v. Dupont,* 1 Am. L. C 232; *Grainger v. Hill,* 4 Bing. (N. C.), 212; *Heywood v. Collinge,* 36 Eng. C. L. 136; *Pangburn v. Bull,* 1 Wend. 345; *Turner v. Walker,* 3 Gill & J. 377; *Paige v. Cushing,* 38 Me. 523; *Chapman v. Woods,* 6 Blackf. 504; *Sommer v. Wilt,* 4 S. &

King vs. Johnston and another.

R. 19; *Baldwin v. Weed*, 17 Wend. 224–7; *Plummer v. Dennett*, 6 Me. 421; *Lewis v. Morris*, 2 Crompt. & Mees. 712–21; *Prough v. Entriken*, 11 Pa. St. 82.

Cassoday, J.   The complaint does not state a cause of action for false imprisonment, since it fails to allege facts showing that the arrest was extra-judicial or without legal process. *Murphy v. Martin*, 58 Wis. 276; *Gelzenleuchter v. Niemeyer*, 64 Wis. 321. The complaint does not state a cause of action for malicious prosecution, since it fails to allege facts showing that the criminal action had been determined. *Woodworth v. Mills*, 61 Wis. 44; *West v. Hayes*, 104 Ind. 251; *Lowe v. Wartman*, 47 N. J. Law, 413; *Comm. v. McClusky*, 151 Mass. 488; 14 Am. & Eng. Ency. of Law, 28, 42, and cases there cited.   There are cases holding that an action for the malicious abuse of legal process may be maintained even where the action in which such process issued has not been determined. *Mayer v. Walter*, 64 Pa. St. 283; *Antcliff v. June*, 81 Mich. 477; *Emery v. Ginnan*, 24 Ill. App. 65.   In the Pennsylvania case cited Mr. Justice Sharswood said: "There is a distinction between a malicious use and a malicious abuse of legal process. An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it."   Assuming that the pleader here intended to allege such abuse of legal process, which is very doubtful, still we are constrained to hold that the complaint, the substance of which is contained in the foregoing statement, fails to state such a cause of action.

*By the Court.*— The order of the circuit court is affirmed.