CLARENCE S. NIXON v. GARDINER H. REEVES.[4]

June 19, 1896.

Nos. 9392—(11).

**False Imprisonment—Complaint.**
> A complaint which alleges that, at a time and place stated, the defendant imprisoned the plaintiff without probable cause, states a cause of action.

**Militia Officer—Authority to Imprison.**
> A captain of a company of the National Guard of this state, when it is not acting as a military force, is not authorized to punish summarily by imprisonment a member of his company for a refusal to obey his orders.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial. Affirmed.

*Chester McKusick*, for appellant.

*O. W. Baldwin*, for respondent.

START, C. J. Action to recover from the defendant damages for the false imprisonment of the plaintiff. Verdict for the plaintiff for $15. The defendant appeals from an order denying his motion for a new trial.

---

[3] G. S. 1894, §§ 5486–5496.     [4] Reported in 67 N. W. 989.

The record presents two questions for our decision: First. Does the complaint state a cause of action? Second. Has a captain of a military company organized pursuant to the Military Code of this state authority to punish summarily by imprisonment an enlisted man, when not in active service, for refusing to obey his orders?

1. The complaint is in these words: "Plaintiff alleges that on the 18th day of May, 1894, at the city of Duluth, St. Louis county, Minn., the defendant imprisoned him for two hours and forty-five minutes without probable cause; that said act was done willfully and maliciously, with the intent to humiliate and disgrace this plaintiff in the presence of his comrades and in the opinion of his associates; that plaintiff was damaged, by reason of the premises, in the sum of one thousand dollars." The objection made to this complaint by the defendant is that it does not allege any facts showing the manner of the imprisonment, and that it was unlawful,—an essential element in a charge of false imprisonment. If the complaint is defective in this respect, it is cured by the answer, which practically admits the imprisonment, and sets out the cause and manner of the imprisonment in justification. Warner v. Lockerby, 28 Minn. 28, 8 N. W. 879; Lesher v. Getman, 30 Minn. 321, 15 N. W. 309. But the complaint states a cause of action. 1 Estes, Pl. & Prac. 561. The allegation that the defendant, on and at the time and place stated, imprisoned the plaintiff, without probable cause, for two hours and forty-five minutes, is not a conclusion of law, but a composite statement of ultimate facts, viz. the imprisonment of the plaintiff, and that it was without probable cause. If the imprisonment was without probable cause, it could not have been either lawful or justifiable.

2. The second question is answered in the negative.

"It shall be the duty of the legislature to pass such laws for the organization, discipline and service of the militia of the state as may be deemed necessary." Const. art. 12. The legislature, pursuant to this provision, enacted a Military Code. G. S. 1894, c. 12, §§ 1714–1758. Each company is authorized by this Code to adopt a constitution and by-laws not in conflict with the Code. Id. 1751. Provisions are also made for trial of officers and enlisted men by courts-martial. Id. § 1757. The Code (section 1754) also expressly provides for the trial and punishment of members of the company who are

guilty of disobeying the orders of their superior officers, or of any other breach of discipline, in these words:

"In case any member of such regiment, battalion, company, or battery shall have incurred any of the fines or penalties prescribed in its said constitution and by-laws, by reason of his failure or neglect to perform his duty as a member of said regiment, battalion, company, or battery, or by disobedience of orders, or by acts of insubordination, or conduct prejudicial to military discipline, such failure or neglect is hereby declared to be a misdemeanor, and the commandant, or other proper officer of such regiment, battalion, company, or battery, shall make complaint against such member before any justice of the peace or any court of competent jurisdiction within the county in which such member of such regiment, battalion, company or battery may reside. Said justice or court shall thereupon proceed to hear and determine said complaint and matter in the same manner as in the trial and hearing of cases of misdemeanor under the laws of this state. Such member shall, upon conviction of such misdemeanor, be punished by a fine not exceeding ten dollars, together with the costs of such proceeding, and shall be committed to the county jail of said county until said fine and costs are paid, for a period not to exceed ten days. Said complaint shall be made and proceedings taken thereunder in the name of the state of Minnesota, but without cost to said state; and all fines paid thereunder shall be paid into the treasury of such regiment, battalion, company, or battery, as the case may be, for the benefit of its military fund."

These provisions cannot be held to be simply cumulative, as claimed by the defendant. The legislature having, in obedience to the constitution, expressly provided for the discipline of the militia, and prescribed the punishment for a disobedience of orders, and made it the duty of the commanding officer to institute criminal prosecutions for such offense, the punishment fixed by the statute is exclusive; and such officer cannot take the law into his hands, and summarily punish the offender, by imprisonment or otherwise, at his pleasure.

We are not to be understood as holding that where the state National Guard is acting as a military force—for example, in suppressing a riot—the commanding officer may not enforce instant and absolute obedience to his orders by the use of such reasonable force as may be necessary. The statute under consideration must be given a reasonable construction, and it is not to be construed as applicable to the militia when in actual military service. The fact that the

65 M.—11

statute requires that the prosecution must be instituted in the county where the offending member resides supports this construction.

In this case the plaintiff was a member of Company G, Third regiment of infantry of the National Guard of the state of Minnesota, and the defendant was captain of the company. At the time stated in the complaint the defendant, as such captain, ordered the plaintiff, who was present at the drill room of the company for another purpose, and without his uniform on, to take part in a special drill. He refused. Thereupon the defendant placed him under arrest, and imprisoned him, as alleged in the complaint. It is apparent from the record that the defendant did not arrest and detain the plaintiff for the purpose of taking him before a justice of the peace, at the first reasonable opportunity, to answer to the charge of disobeying the orders of his superior officer. On the contrary, he seems to have acted upon the mistaken theory that he was authorized to punish a disobedience of his orders summarily, and at his discretion. In this he was mistaken. He should have proceeded against the plaintiff before a court-martial or a justice of the peace, or both. It is urged that this construction of the statute is destructive of military discipline. Of this it is not our province to judge, but if such be the case the remedy is with the legislature.

Order affirmed.