JUST, Respondent, v. MARTIN BROTHERS COMPANY, Appellant.

(159 N. W. 44.)

(File No. 3840.   Opinion filed August 29, 1916.   Rehearing denied November 29, 1916.)

1. **Pleadings—Complaint—Misjoinder of Causes—Demurrer—Motion for Separate Statements as Remedy.**

    A demurrer to the complaint is not the proper method of reaching an alleged defect of misjoinder of causes of action, where all of said causes may properly be united in one complaint; the remedy is by motion requiring separate statements of the several causes of action. It is only where the causes of action may not be united in one complaint that the remedy is by demurrer.

2. **Actions—Malicious Prosecution, False Imprisonment, Abuse of Process—Joinder of Causes, Propriety of.**

    Causes of action for malicious prosecution, false imprisonment, and abuse of process, may all be united in one complaint.

3. **Pleadings—Complaint—False Imprisonment—Commitment Issued by "Clerk of Circuit Court," Whether Surplusage.**

    Where a complaint for false imprisonment alleged that the

commitment was issued by "D. F. Stevens, clerk of the circuit court of Roberts Co. S. D.,"held, that the quoted words are not merely descriptio personae; since they serve to show a lawful commitment; if there is any surplusage it is in alleging the name of the clerk; defendant's theory, the correct one, being that the complaint alleges imprisonment under a lawful commitment, although unlawfully and maliciously caused to be issued.

4.  Same—Complaint—False Imprisonment—Maliciously Causing Issuance of Valid Commitment, Sufficiency of Allegation—Intent as Related to Voidness of Commitment.

Where a complaint for malicious prosecution alleged that the present plaintiff was imprisoned under a valid commitment issued out of the office of the clerk of the circuit court, and that in causing such lawful commitment to be issued the present defendant acted maliciously, wrongfully and unlawfully, held, that a statement that the commitment was maliciously, wrongfully and unlawfully caused to be issued for the purpose of coercing payment of money, is not a sufficient allegation that the commitment was void; the language used only going to the motive which prompted the issuance of the commitment, and not to its validity; if the commitment was lawful, it did not become unlawful because instigated with malicious intent. Held, further, that if the commitment were valid, there would be no cause of action for false imprisonment.

5.  Same—Complaint—False Imprisonment — Demurrer — Allegation of Valid Commitment by Legal Authority—Proper Allegation Suggested.

Where the allegations in a complaint for false imprisonment involve the elements of legal power and authority in the issuance of a commitment, not therein appearing to be void, the complaint is demurrable in the absence of allegations showing a liability notwithstanding; and where it is unnecessarily alleged that the imprisonment was by reason of judicial process, the pleadings should have alleged also a "supposed" or "pretended" or void commitment.

6.  Same—Complaint—False Imprisonment—Wrong Person Under Fair Process, or Right Person Under Supposed Void Process, Necessity of Showing.

Where the facts alleged in a complaint for false imprisonment are inconsistent with either a case of arrest of the wrong person under process fair on its face, or with one of an arrest of a person under supposed void process, it fails to state a cause of action.   McCoy, J., dissenting.

7.  Same—Complaint—Abuse of Process—Unauthorized Act Under Valid Commitment, Necessity of Showing—Purpose of Action.

Where a complaint for abuse of process fails to allege that

anything was done under the process other than what the commitment purported to authorize, it fails to state a cause of action. This action lies for improper use of process after it is issued, not for maliciously causing it to issue.

8.    Same—Complaint—Malicious Prosecution—Commencement, and Termination, of Judicial Proceeding, Necessity of Showing.

Where a complaint for malicious prosecution failed to state that a civil action, or a criminal proceeding, was begun or was pending, and failed to allege facts showing the character of the commitment as being an initial, a mesne, or a final commitment, it is so indefinite that it cannot be said to state a cause of action for malicious prosecution. Held, further, that the mere allegation that plaintiff "was discharged from such unlawful custody by order of the circuit court of Roberts County," is not sufficient to show the determination of any action, civil or criminal, in the present plaintiff's favor; nor does the discharge of this plaintiff from custody under said commitment necessarily lead to the inference that the action, whatever it was, was determined.

McCoy, J., dissenting.

Action by Paul Just, against Martin Brothers Company, for damages for false imprisonment. From an order overruling demurrer to the complaint, defendant appeals. Reversed.

*Charles N. Harris, C. O. Newcomb,* and *Porter & Grantham,* for Appellant.

*Frank McNulty,* and *Howard Babcock,* for Respondent.

(2) To point two of the opinion, Respondent cited: Code Civ. Proc., Sec. 144.

(3) To point three of the opinion, Appellant cited: Kroeger v. Passmore, (Mont.) 14 L. R. A. (N. S.) 990; Raycroft v. Tayntor, 33 L. R. A. 225; Cobby v. State Journal Co., (Neb.) 113 N. W. 224; Ingalls v. Christopherson, 21 S. D. 574; 19 Cyc. 320; Enright v. Gibson, 76 N. E. 689; Black's Law Dictionary.

(4) To point four of the opinion, Appellant cited: Raycroft v. Taynter, 23 L. R. A. 225; Ingalls v. Christopherson, 21 S. D. 574; 19 Cyc. 319; Cobby v. State Journal Co., 113 N. W. 224; Pease v. Freiwald, 80 N. Y. S. 402; Connelly v. American Bonding & Trust Company, (Ky.) 69 S. W. 959.

(5) To point five of the opinion, Appellant cited: King v. Johnston, 81 Wis. 578; Cousins v. Swords, 57 N. E. 1107, 43 N. Y. S. 907; 19 Cyc. 358-9; Olmsted v. Edson, (Neb.) 98 N.

W. 415; King v. Johnson et al., 51 N. W. 1011 (Wis.) ; Smith
v. Jones, 16 S. D. 345; Cooley on Torts, 2d. Ed., 548; Tilfsen
v. Fee, 45 L. R. A. 488; Gordon v. West, 13 L. R. A. (N. S.)
549; Love v. Weed, 21 N. W. 887.

Respondent cited: Barker v. Anderson, (Mich.) 45 N. W.
1108; Nixon v. Reeves, (Minn.) 67 N. W. 989.

(7) To point seven of the opinion, Appellant cited: Nix
v. Goodhile, (Ia.) 63 N. W. 701; Bartlett v. Christliff, 14 Atl.
518; King v. Weed, 51 N. W. 1011.

(8) To point eight of the opinion, Appellant cited: Whitten
v. Bennett, 86 Fed. 405; King v. Johnston, 81 Wis. 578; Foster
v. Orr, 21 Pac. 440.

GATES, J.    A demurrer to the complaint in this action,
based upon the insufficiency of allegations and the misjoinder of
causes of action, was overruled.    Defendant appeals from the
order overruling the demurrer.    The complaint contains three
paragraphs.    The first relates to the corporate capacity of defend-
ant; the third to plaintiff's damages.    Paragraph 2 is as fol-
lows:

"Second.    That on or prior to the 12th day of March, 1913,
said defendant, Martin Bros. Company, proceeding under the
name of the Aberdeen Clothing Company, did maliciously, and
without reasonable or probable cause therefor, and with the
malicious, wrongful, and unlawful intent to coerce this plaintiff
into paying to defendant the sum of $160 in money, caused a
commitment to be issued by D. F. Stevens, clerk of the circuit
court of Roberts county, S. D., which was directed to and placed
in the hands of the sheriff of Roberts county, S. D., command-
ing and requiring said sheriff to forthwith arrest this plaintiff
and commit him to the county jail of said Roberts county, and
there imprison and detain him in said jail, and that under the
said commitment, so maliciously, wrongfully and without reason-
able or probable cause procured to be issued by the defendant as
aforesaid, for the wrongful and unlawful purpose aforesaid, J.
L. Minder, the sheriff of Roberts county, did, on March 12, 1913,
arrest this plaintiff and confine and imprison the plaintiff in the
common jail of Roberts county, S. D., for the full period of 25
days, and in that manner, by means of the said commitment so

maliciously and wrongfully procured to be issued by the defendant as aforesaid, for the wrongful and unlawful purpose aforesaid, the said defendant caused said plaintiff to be arrested and imprisoned and confined in said jail against his will in the custody of said sheriff of Roberts county, S. D., for the full period of 25 days, and until the 12th day of April, 1913, on which last-mentioned date he was discharged from such unlawful custody by order of the circuit court of Roberts county."

[1, 2] It is urged that imperfect and incomplete allegations constituting three causes of action are intermingled, viz. for malicious prosecution, false imprisonment, and abuse of process, and therefore that the complaint is demurrable on the ground of misjoinder of causes of action. Demurrer is not the method of reaching this defect. The remedy is by motion to require a separate statement of the several causes of action. All of said causes of action may properly be united in one complaint. It is only where the causes of action may not be united in one complaint that the remedy is by demurrer.

[3, 4] Respondent concedes that the cause of action stated in the complaint is simply one for false imprisonment. If this concession were as to matters of fact not disputed by the record, we might rest upon it, but in fairness to the trial court we must determine whether the complaint alleges any cause of action. It is respondent's theory that the words, "clerk of the circuit court of Roberts county, South Dakota," are surplusage and merely descriptio personæ, and that, following the decision in Nixon v. Reeves, 65 Minn. 159, 67 N. W. 989, 33 L. R. A. 506, a complaint for false imprisonment is sufficient which merely states that at a time and place the defendant imprisoned the plaintiff without probable cause. It is the theory of appellant that the complaint alleges the imprisonment of the plaintiff under a lawful commitment, although unlawfully and maliciously caused to be issued, and therefore that there is no false imprisonment alleged. We are inclined to the view that appellant's theory is the correct one. We cannot agree that the words, "clerk of the circuit court of Roberts county, South Dakota," are merely descriptio personæ. If there is any surplusage it is in alleging the name of the clerk. The allegations of the complaint clearly show that the present plaintiff was imprisoned under a valid

commitment, issued out of the office of the clerk of the circuit. court of Roberts county, S. D., and that in causing such lawful commitment to be issued the defendant in the present case acted maliciously, wrongfully, and unlawfully. It is urged that the allegation of the complaint that a commitment was maliciously and wrongfully caused to be issued for the purpose of coercing the payment of money is a sufficient allegation that the commitment was void. We do not so understand it. The language used goes only to the motive which prompted the issuance of the commitment, not to the validity or invalidity of the commitment. King v. Johnston, 81 Wis. 578, 51 N. W. 1011. If the commitment was a valid one, the allegation that it was unlawfully and maliciously issued was unimportant in an action for false imprisonment, for if the imprisonment was lawful, it did not become unlawful because done with malicious intent (19 Cyc. 320, note 9, and cases cited), while if the imprisonment was unlawful, the motive might have a bearing upon the amount of damages. In discussing the alleged cause of action for malicious prosecution, we have hereinafter adverted to a number of causes for which commitments are issued in this state. We conceive it to be entirely possible that any one of such commitments might be issued because of the evil motive of the complaining party, and still the facts might warrant its issue regardless of the motive. If the commitment were valid, there would be no cause of action for false imprisonment. So far as anything appears in the complaint in this case, the commitment was perfectly valid.

[5, 6] We have no quarrel with the Minnesota decision above referred to. The trouble with this complaint is that the plaintiff has alleged too much. The complaint in this action is brought clearly within the latter part of the following quotation from 19 Cyc. 359:

"When a complaint in false imprisonment does not show on its face an arrest made under color of legal authority, it need not anticipate a defense by denial of power to arrest nor allege that the imprisonment was malicious or without probable cause; but when its own allegations involve an assertion of such power, not appearing to be void, it is demurrable, in the absence of allegations of fact showing a liability notwithstanding."

Having unnecessarily alleged that the imprisonment was by

reason of judicial process, the pleader should have alleged that the commitment was a "supposed" or "pretended" or void commitment. Sutherland, Code Pl. Pr. & Forms, §§ 3859-3861; Jury Adjudicated Forms, 338. It was urged in the argument that the commitment in question was the one which we pronounced void in the case of Aberdeen Clothing Co. v. Just, 32 S. D. 560, 143 N. W. 900. If such is the fact, we are at a loss to understand why the pleader in this case did not allege the commitment to be void. In 2 Mod. Am. Law, 311, we find the following:

"False imprisonment under legal process consists in the arrest of the wrong person under process that is fair on its face, or else the arrest of a person under supposed process which is void."

The facts alleged in the complaint are inconsistent with either of the above alternatives. We, therefore, think the compliant does not state a cause of action for false imprisonment.

[7] Does the complaint state a cause of action for abuse of process? In 32 Cyc. 541, the purpose of this cause of action is concisely stated as follows:

"This action for the abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue."

It is not alleged that anything was done under the process other than what the commitment purported to authorize. It is clear, therefore, that the complaint does not state a cause of action for abuse of process. Ingalls v. Christopherson, 21 S. D. 574, 114 N. W. 704.

[8] Finally, does the complaint state a cause of action for malicious prosecution? In 26 Cyc. 8, the elements of this kind of tort are said to be:

"(1) The commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff."

Assuming that items 2, 4, 5, and 6 are sufficiently alleged in the complaint, how about items 1 and 3? In the absence of our

knowledge of the facts brought out in the former action above referred to, if we were to speculate as to what was intended to be alleged, we might draw the natural inference that defendant had used the criminal machinery of the government for the purpose of enforcing a civil obligation. But this would be mere assumption. The complaint does not state that a civil action was begun or was pending, nor does it state that a criminal action was begun or pending. Argumentatively, it may be inferred that some sort of action was pending, but we are not enlightened as to what it was. Was the commitment the preliminary commitment in a criminal action when a defendant is "bound over"? Was it a final commitment issued pursuant to a judgment of conviction in a criminal cause? Was it a commitment under the arrest and bail statute? Was it a commitment for contempt of court? Was it a commitment holding the party as a witness? Was it a commitment under alleged insanity proceedings? Surely a complaint which is so indefinite cannot be said to state a cause of action for malicious prosecution.

Nor does the complaint state the termination of any action, either civil or criminal, in the present plaintiff's favor. It merely alleges that "he was discharged from such unlawful custody by order of the circuit court of Roberts county." The discharge of this plaintiff from custody under said commitment does not necessarily lead to the inference that the action, whatever it was, was terminated. We, therefore, must conclude that no cause of action for malicious prosecution was alleged.

The order appealed from is reversed.

McCOY, J. (dissenting). If the complaint in question stated any cause of action for any purpose, the ruling of the trial court on the demurrer was not error. Dunlap v. Railway Co., 32 S. D. 581, 144 N. W. 226; Emerson v. Nash, 124 Wis. 369, 102 N. W. 921, 70 L. R. A. 326, 109 Am. St. Rep. 944. I am of the view that this complaint states a good cause of action, either for false imprisonment or malicious prosecution. The majority opinion seems to concede that if the commitment described in the complaint had been designated as a "supposed" or "pretended" commitment, the pleading would have been good. I am of the view that a commitment might be shown by a pleading to be a "supposed" or "pretended" commitment without the use of either

of the words "supposed" or "pretended." If the facts pleaded necessarily showed it to be such, it should be so considered, notwithstanding the fact that it had not been so named by the pleader. Now, this complaint, as it will be observed, does allege that this commitment was caused to be issued wrongfully and unlawfully. The word "wrongful," in a pleading, even in a criminal indictment, implies that the act performed, to which it relates, was illegal and without authority and in violation of law. 40 Cyc. 2874; Black's Law Dic.; State v. Fordham, 13 N. D. 494, 101 N. W. 888; Boswell v. Bank, 16 Wyo. 161, 92 Pac. 624, 93 Pac. 661. It, therefore, necessarily follows that if a commitment is illegal and without authority and in violation of law, it could, by no possibility, be anything more than a "supposed" or "pretended" affair. In Emerson v. Nash, supra, it is, in substance, said that under the technical rules of the common law pleadings were required to stand the test of every reasonable intendment and presumption against them. That was a serious obstacle to the speedy, economical, and efficient administration of justice. The adoption of the reformed code system of pleading wrought a radical change in the common-law rules. The guiding thought of the reformers was the attainment of justice and the breaking away from the technical and illiberal rules of the common law. Under the reformed code procedure every reasonable intendment and presumption is to be made in favor of the pleading. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if a good cause of action can be gathered from it, it will stand, however inartificially these facts may be presented, or however defective, uncertain, or redundant may be the mode of their statement. I am in accord with the views thus expressed by the Supreme Court of Wisconsin, which state has substantially the same Code of Civil Procedure as this. I am of the view that the majority opinion has far outdone the technical common-law rule. In the name of justice and the speedy administration of law, the order appealed from should be affirmed.