## SIDNEY C. ANDERSON v. ALF W. AVERBECK AND ANOTHER.[1]

June 2, 1933.

No. 29,481.

Harold C. Bellew and Mark J. McCabe, for appellants.
John H. Derrick and Alf L. Bergerud, for respondent.

WILSON, Chief Justice.

In a suit for false imprisonment the plaintiff had a verdict. The defendants have appealed from an order of the district court of Hennepin county denying their motion for judgment notwithstanding the verdict or for a new trial.

Thursday, March 26, 1931, one Kottke, a visitor in the city of Minneapolis, appeared at detective headquarters and complained that he had been swindled in a card game out of an amount va-

[1]Reported in 248 N. W. 719.

riously stated to be between four dollars and a half and ten dollars. Defendant Lally accompanied Kottke to various places in the city in an unsuccessful attempt to find the swindler. The next day, Friday, March 27, Kottke discovered the plaintiff, by whom he claims to have been swindled. At the instance of Kottke, a peace officer was summoned and arrested the plaintiff. The officer and Kottke accompanied plaintiff to detective headquarters, where they arrived about noon or shortly thereafter. At headquarters plaintiff claims to have met these defendants, who then took charge of the case. Kottke identified plaintiff during Friday afternoon and on the following Monday. No attempt was made to bring the plaintiff before a committing magistrate, nor was any charge placed against him. He remained incarcerated in the jail over Sunday and was finally released upon a writ of habeas corpus on Tuesday, March 31, 1931. Plaintiff was thus held against his will in the city jail of Minneapolis without being charged with any crime or brought before a committing magistrate. Both the municipal court and the district court were in session during the afternoon of Friday, March 27, during the morning of Saturday, March 28, and all day on Monday, March 30.

Even though an arrest be lawful (which it no doubt was in this instance) a detention of the prisoner for an unreasonable time without taking him before a committing magistrate will constitute false imprisonment. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3728, and cases cited.

All those who by direct act or indirect procurement personally participate in or proximately cause the false imprisonment or unlawful detention are joint tortfeasors. 25 C. J. 497; 1 Cooley, Torts (4 ed.) p. 114; Ehrhardt v. Wells, Fargo & Co. 134 Minn. 58, 158 N. W. 721; Leger v. Warren, 62 Ohio St. 500, 57 N. E. 506, 51 L. R. A. 193, 73 A. S. R. 738; 11 R. C. L. 806; Von Arx v. Shafer (C. C. A.) 241 F. 649; Cook v. Hastings, 150 Mich. 289, 114 N. W. 71, 14 L.R.A.(N.S.) 1123, 13 Ann. Cas. 194; Culver v. Burnside, 43 S. D. 398, 179 N. W. 490; Burk v. Howley, 179 Pa. 539, 36 A. 327, 57 A. S. R. 607.

The court submitted to the jury the unreasonableness of the delay, and we think the jury was justified in finding that it was unreasonable.

Order affirmed.