## SMITH V. JONES *et al.*

1. Where the facts alleged in a complaint constitute three distinct causes of action, and should have been alleged in separate counts, but no motion was made to make the complaint more definite and certain, the defect was waived, and it will be considered on appeal as combining them all in one count.

2. A cause of action for malicious abuse of process assumes that the process is regular and legal in form.

3. A criminal complaint for the disposing of mortgaged property was sufficient to protect the justice issuing the warrant and the officer executing it though it did not allege that the act had been done "willfully."

4. Comp. Laws, § 7114, provides that "in all other cases an indictment for a public offense must be found within three years after its commission." Section 7115 provides that "if, when the offense is committed the defendant be out of the state, the indictment may be found within the time herein limited after his coming within the state, and no time which the defendant is not an inhabitant of or usually resident within the state is part of the limitation." Held, that a complaint was sufficient though it showed on its face that the offense had been committed more than three years before, and did not plead the exception in section 7115.

5. Where a justice has jurisdiction of the subject-matter of a criminal complaint, and the complaint states facts sufficient to inform the defendant of the nature of the charge against him, the proceedings will be sufficient to protect the justice and the officer executing the process, though the complaint may be defective in not alleging certain facts necessary to show that accused was guilty of the crime charged,

16 S. D.—22

6. Where a complaining witness acted in good faith, and took no part in the proceedings other than to make the complaint on which the warrant was issued, he was not liable for false imprisonment.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Alfred Smith against Eli Jones and others. From a judgment for defendants and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Winsor & McNaughton,* for appellant.

The rule in regard to the protection of officers under process is that the process must be regular, and must state an offense. Frazer v. Turner 45, N. W, 411; Clyma v. Kennedy, 29 Atlantic, 539: Linck v. Hester, 58 N. W., 1101; DeCourcy v. Cox, 30 Pac., 95. Where a complaint before a magistrate failed to show an offense under the statute, held that the magistrate, the complaining witness and the officer who arrested the defendant were all liable in an action for false imprisonment. Forbs v. Hicks 42 N. W. 898; Newell Malicious Prosecution p. 89. It is an elementary rule in criminal pleading that when the time for prosecuting an offense is limited, the indictment must lay the time within the time limited, or, it will be fatally defective, even after verdict. Vaughn v. Congdon 48 Am. R. 758; Morgan v. Hughes, 2nd T. R 225; Carleton v. Taylor 50 Vt. 220; Piper v. Pearson 2nd Gray, 120.

*Kittredge, Winans & Scott,* for respondent.

The complaint does not state a cause of action for malicious abuse of process. It is to be assumed in such a case, that the process was lawfully issued for a just cause, and is valid

in form, and that the arrest or other proceeding upon the process was justifiable and proper in its inception.    Facts which are expressly denied by the complaint in the present case. The offense consists in the perversion of lawful process; a use of it in a manner not compatible with its proper execution. Jaffrey v. Robbins, 75 Ill., App. 353; Matthews v. Baldwin, 28 S. E., 1015; Wood v. Graves 144 Mass. 365.   The complaint stated a cause of action for malicious prosecution.   There was no request to charge relative to the law of false imprisonment, and the action for malicious prosecution is maintainable even though the original complaint did not state a cause of action or an offense at law.   Bradner v. Faulkner 93 N. Y. 515.   In criminal proceedings a person who simply lays facts before a magistrate, and leaves all further action to the unbiased and unsolicited conduct of the latter, is not liable in trespass for false imprisonment, unless he takes some part in furthering the arrest, or urging the detention.   Murphy v. Walters, 34 Mich. 180; Bon Latham v. Libby, 38 Barb. 345; Stewart v. Hawley, 21 Wend. 552; Gringham v. Willey, 4 Hurl & M., 330; Barber v. Rawlinson, 1 Crom. & M., 330; Garratt v. Morley, 1 Q. B., 18; West v. Smallwood, 3 Mees. & W., 418.

CORSON, J.   In March, 1901, the plaintiff was arrested upon a warrant issued by Frank Mellen, as justice of the peace in Valley Springs, in Minnehaha county, upon the complaint of Eli Jones, and executed by defendant G. H. Stone as the constable of said town.   A hearing was had before the justice, and the plaintiff was held to bail for his appearance at the circuit court in the sum of $500.   Before giving bail or being taken to jail by the officer under a commitment, a settlement was had of a certain matter between the plaintiff and the said Eli

Jones, resulting in the dismissal of the action. Subsequently the plaintiff brought this action against the said Jones, complaining witness in the criminal proceedings, the said Mellen, and the said Stone, to recover damages for the said arrest and detention. At the close of the plaintiff's evidence the court dismissed the action as to the defendant Frank Mellen on the ground that, he being a judicial officer, no facts had been shown authorizing a recovery against him. The court, in its instruction to the jury, charged them that the present action was for malicious prosecution.

It is contended on the part of the appellant: First, that the court erred in directing a verdict in favor of the defendant Mellen; second, that the court erred in charging the jury that the case was one for malicious prosecution, and in omitting to instruct the jury that it was an action for false imprisonment; third, that the court erred in holding that the facts stated in the complaint in the criminal proceeding upon which the plaintiff was arrested, were sufficient to authorize the justice to issue a warrant; and, fourth, that the court erred in holding that the complaint and warrant were sufficient to protect the justice in issuing and the constable in executing the same. Other errors are assigned, but, as they are not presented in the brief, and were not argued orally, they require no further consideration.

It is alleged in the complaint that the defendant Mellen was acting as justice of the peace, and defendant Stone as constable; that said Stone, as such constable, arrested this plaintiff upon a warrant purporting to be issued by said defendant Mellen as justice of the peace, upon the complaint of the defendant Jones, charging the plaintiff with disposing of certain

personal property included in a certain chattel mortgage on the 11th day of August, 1894. It would seem from the complaint that the pleader intended the action to be one to recover damages for malicious prosecution; also one for malicious abuse of the process of the court, and for false imprisonment. The facts alleged clearly constitute three distinct causes of action, and should properly have been stated in separate counts in the complaint. Wood v. Graves, 144 Mass. 365, 11 N. E. 567, 59 Am. Rep. 95. But no motion having been made to make the complaint more definite and certain, we shall consider it, as it evidently was considered throughout the trial, as combining three causes of action in one count. That part of the complaint in which it is alleged that the defendants are guilty of malicious abuse of process of the court may be regarded as eliminated from the case, for the reason that there was no evidence proving or tending to prove any abuse of the process of the court: and such a cause of action assumes that the process is regular and legal in form. The grievances in such a case arise from an abuse of such proceedings, legal and valid on their face. If, after an arrest upon civil or criminal process, the person arrested is subjected to unwarrantable injustice and indignities, is treated with cruelty, is deprived of proper food, and is otherwise treated with oppression and undue hardship, he has an action against the officer and any who may unite with the officer in doing the wrong. Wood v. Graves, supra. In the case at bar there was no evidence of any such treatment of the plaintiff in this action, or that the officer in any manner exceeded the commands of his warrant. The theory of the plaintiff throughout the case seems to have been that the process was not valid, and that by reason of this invalidity the de-

fendants were liable for false imprisonment.   This latter cause of action seems to have been eliminated from the case by the learned circuit court, he holding as a matter of law that the complaint in the criminal action was sufficient upon its face to constitute a protection to the justice and constable.   The court seems to have further held that the defendant Jones, having taken no part in the execution of the process other than that of signing the complaint, could not be held in this action.   It was evidently upon this theory the learned circuit court discharged the justice of the peace on motion at the close of the plaintiff's evidence and instructed the jury that the only issue in the case was the one involved in the claim for malicious prosecution.   The questions involved in that cause of action were left to the jury under very full instructions of the court, and, as they are not seriously questioned in this court, that cause of action may be considered as practically out of this case.

The only question, therefore, left for our consideration is, did the circuit court err in holding that the complaint and warrant state facts sufficient to protect the justice and constable in the execution of the same?   It is contended on the part of the appellant that the complaint in the criminal proceedings was insufficient in that it failed to allege that the plaintiff herein had "willfully" disposed of the property included in the chattel mortgage, and, second, that it appeared upon the face of the complaint and warrant that the alleged offense was barred by the statute of limitations.   As above stated, the offense was alleged to have been committed in 1894.   Sections 7114 and 7115, Comp. Laws, reads as follows: "In all other cases an indictment for a public offense must be found within three

years after its commission." "If when the offense is committed the defendant be out of the state, the indictment may be found within the term herein limited after his coming within the state, and no time which the defendant is not an inhabitant of or usually resident within the state, is part of the limitation." It is urged on the part of the appellant that, as it appeared upon the face of the complaint and warrant that the offense was barred by the statute, and no statement was made in the complaint bringing the case within the provisions mentioned in section 7115, the justice was without jurisdiction to issue the warrant, and that both he and the constable and the complaining witness were liable as trespassers for the arrest and detention of the plaintiff in this action. The question here presented is substantially the same as that presented in U. S. v. Cook, 17 Wall, 168, 21 L. Ed. 538, in which the supreme court of the United States, after an exhaustive discussion of the question, held that the indictment in that case charged upon its face the crime or offense against the defendant under which he might be put upon his trial, although the offense, upon the face of the indictment, appeared to be barred by the United States statute. In that case Mr. Justice CLIFFORD, speaking for the court, said: "Where a statute defining a defense contains an exception in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon statute must allege enough to show that the accused is not within the exception; but if the language of the section defining the offense is so entirely separable from the exception that the ingredi-

ents constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense, and must be shown by the accused. * * * Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue; but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant fled from justice, and was within the exception. Nor is it admitted that any different rule would apply in the case even if the statute of limitations did not contain any exception, as time is not of the essence of the offense; and also for the reason that the effect of the demurrer, if sustained, would be to preclude the prosecutor from giving evidence, as he would have a right to do, under the general issue, to show that the offense was committed within two years next before the indictment was found and filed." The same view seems to have been taken by the supreme court of Kansas under a statute quite similar to our own (In re Stewart, 60 Kan. 781, 57 Pac. 976); also by the supreme court of Oklahoma (Coleman v. Territory, 47 Pac. 1079). The supreme court of California has taken a different view, but we are inclined to adopt the rule laid down by the supreme court of the United States and the supreme courts of Kansas and Oklahoma. Undoubtedly, the complaint is defective in not alleging certain facts necessary to show that the plaintiff was guilty of the crime attempted to be charged in the complaint, but, as justices of the peace

are not presumed to be learned in the law, it would, we think, be going too far to hold that the complaint was defective, and therefore insufficient to protect the justice, the officer, and the parties, because not drawn with that care and precision with which an indictment and information would be drawn in the higher courts. State v. Barnes, 3 N. D. 131; State v. Reedy, 44 Kan. 190, 24 Pac. 66. If the justice had jurisdiction of the subject-matter and of the party, and the complaint stated facts sufficient to inform the defendant of the nature of the charge against him, the proceedings will be sufficient to protect the justice and the officer in executing the same. Dixon v. Cooper, 58 S. W. 437. In that case the learned supreme court of Kentucky says: "The rule as to the liabilities of judicial officers seems to be that a judicial officer cannot be held liable in a civil suit for any act done in the performance of his judicial duties, provided that he has jurisdiction of the person and the subject-matter; and this though the imprisonment complained of be the result of a mistake of law, or error of judgment, or even of malice. See opinion of Mr. Justice FIELD in Randall v. Brigham, 7 Wall. 523, 19 L. Ed. 285." In discussing this question, after commenting on some of the earlier cases, Mr. Mechem, in his work on Public Officers (section 632), uses the following language: "This doctrine has, however, met with much forcible and reasonable dissent in recent times. There are undoubtedly cases in which the rule stated is properly applicable—as where jurisdiction is assumed or exercised without even the color of authority, or beyond limits which are clearly and unambiguously defined, or in the face of express statutory prohibitions. But where, on the other hand, the officer has jurisdiction of the subject-matter (i. e., of that class

of cases), but the question of jurisdiction in that particular case depends upon some question for judicial determination—as upon the validity of proper construction of a doubtful statute, or upon the technical legal sufficiency of the averments of a preliminary complaint or affidavit, or the existence of jurisdictional facts (questions upon which he is bound to decide, and questions, too, upon which, as is often the case, the learned judges of the courts of last resort are unable to agree)—it certainly seems not only impolitic, but a violation of the well-established principle governing the liability of judicial officers, to hold the inferior officer liable; at any rate where he has acted in good faith, and with an honest endeavor to do right " It is quite clear, therefore, that the learned circuit court ruled correctly in holding that the proceedings were sufficient to protect the officer in the execution of the process.

It appears from the undisputed evidence that the complaining witness, Jones, took no part in the proceedings other than to make the complaint upon which the warrant was issued. If in making that complaint he acted in good faith, he was not liable for false imprisonment. In criminal proceedings a person who simply lays facts before the justice, and leaves all further action to the unbiased and unsolicited conduct of the latter, is not liable in false imprisonment unless he takes some part in the furthering of the arrest or urging the detention. Murphy v. Walters, 34 Mich. 180; Doty v. Hurd, 124 Mich. 671, 83 N. W. 632; Von Latham v. Libby, 38 Barb. 345; Stewart v. Hawley, 21 Wend. 552. We are of the opinion, therefore, that the circuit court was right in holding that the facts did not warrant a recovery against the defendants, or either of them, on the alleged cause of action of false imprisonment.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.