CULVER, Respondent v. BURNSIDE et al, Appellants.

(179. N. W. 490.)

(File No. 4735.    Opinion filed October 18, 1920.)

1.  Pleadings—Complaint for False Imprisonment by Several, No Conspiracy Alleged—Parties Defendant—Whether Defendants Joint Tort Feasors.

A complaint alleging that defendants by force compelled plaintiff to go with him to city jail and there detained and restrained him of his liberty for a time without right or authority, is not demurrible for defect of parties defendant in that the alleged defendants jointly did the acts complained of, there being no allegation of conspiracy; since all who take part in or assist or abet in the commission of false imprisonment are joint tort feasors without allegation or proof of conspiracy.

2.  Pleadings—False Imprisonment—Allegations of Wrongful Detention and Restraint in Jail, Spreading Report of Imprisonment to Injure Plaintiff's Reputation—Whether Causes of Action for False Arrest, False Imprisonment, Libel and Slander, Stated—Distinguishing Pleading From Case of Abuse of Court Procedure—Allegation Re Publication of Report—Explained.

A complaint alleging that defendants unlawfully and maliciously and with intent to injure plaintiff by force compelled him to go with them to city jail and there detained and restrained him of his liberty without authority and against plaintiff's will, and, with intent to injure plaintiff, caused notice of such detention and arrest to be widely published in newspapers for purpose of injuring plaintiff's reputation and credit; states but one cause of action, and that for false imprisonment;

and is not subject to general demurrer, since false imprisonment is frequently alleged to have been committed by reason of some wrongful arrest or some pretended or void order of court, in which class of·false imprisonment cases plaintiff must allege facts showing that such arrest, under court procedure, was wrongful, unauthorized and without probable cause; while in such case as that at bar there may have been no court procedure, and under such complaint defendants, if they acted under lawful court procedure, must allege and prove such facts in justification; evidence of such a defense could not be admitted under defense of general denial. **Held**, further, that the allegation that defendants with intent to injure plaintiff caused notice of such detention, etc., to be published to injure his reputation, was pleaded as an element of special damage, not as stating a cause in.libel and slander.

Smith and Gates, JJ., not sitting.

Action by J. G. Culver, aginst George W. Burnside and others, to recover damages for unlawful detention and imprisonment, and for malicious publication of report of his incarceration. From an order overruling a demurrer to the complaint, defendants Burnside, Pike, Hayes, and Johnston appeal. Affirmed.

*Parliman &. Parliman,* for Appellants.

*George J. Danforth,* for Respondent.

(1) To point one of the opinion, Appellants cited: Bebout v. Pense, 31 S. D. 619, 141 N. W. 515.

Respondent cited: 8, Encyc. of Pl. and Prac., 844; Strange, v. Hardwood, (Wis.) 177 N. W. 863.

(2) To point two, Appellants cited: Sec. 4543, Rev. Code 1919; Vol. 11, R. C. L. p. 791, and cases cited.

Respondent cited: Filer v. Smith. (Mich.) 55 N. W. 999; Driver v. Gillette, (S. D.) 177 N. W. 815.

McCOY, P. J. For cause of action plaintiff alleged that on the 27th day of November at the city of Sioux Falls the defendant unlawfully and maliciously and with intent to injure the plaintiff, by force compelled the plaintiff·to go with them to the police station and city jail, and then and there detained and restrained him of his liberty for the space of one hour without any right or authority so to do, and against the will of plaintiff, and then and there unlawfully and maliciously and with intent to injure the plaintiff caused notice of such detention and arrest to be

widely published in the Sioux Falls Press and other newspapers, for the purpose of injuring plaintiff in his reputation and credit, all to plaintiff's damage, etc. To this complaint the defendants demurred on the ground: First, that there is a defect of parties defendant, in that it is alleged that defendants jointly did the acts complained of, said acts being acts which could not be committed jointly, and there is no allegation of conspiracy on the part of defendants, and for these reasons there is a defect of parties defendant; second, that said complaint does not state facts sufficient to constitute a cause of action against these defendants, for the reason that there are no facts alleged at all that show that defendants did anything to plaintiff which they were not entitled to do, and that such acts, which it is alleged they did, would not constitute a breach of duty on the part of defendants to the plaintiff, and there are no facts constituting damage alleged in said complaint; and, third, that several causes of action have been improperly united in that plaintiff's said complaint attempts to set forth facts constituting false arrest, false imprisonment, libel and slander, and plaintiff has joined all of said causes of action into one cause of action, instead of having each separate as provided by law and hence there are several causes of action improperly united. From an order overruling said demurrer the defendants appeal, assigning as error the overruling and denying of said demurrer.

[1] The first contention of appellants is that the acts alleged are such as could not be committed jointly. We are of the opinion that this contention is not tenable. We are of the view that all who take part in or assist or abet in the commission of false imprisonment are joint tort-feasors, without an allegation or proof of a conspiracy. 1 Cooley on Torts (3rd Ed.) p. 319.

[2] We are also of the opinion that the complaint in question states but one cause of action, and that for false imprisonment. We are of the view that a complaint which states, in substance, that the defendants, at a specified time and place, unlawfully and maliciously detained plaintiff and restrained him of his liberty for the space of one hour without any right or authority so to do, and against his will, states a cause of action which is not subject to general demurrer. The action for false imprisonment is frequently alleged to have been committed by

reason of some wrongful arrest under some pretended or void order of some court, in which class of false imprisonment cases it is incumbent on the plaintiff to allege facts showing or tending to show that such arrest, under such court procedure, was wrongful, unauthorized, and without any probable cause; but in a cause of action alleged as the one at bar there may have been no court procedure at all, and under such a complaint it is incumbent on the defendants, if they. acted under lawful court procedure, to affirmatively allege and prove such facts as justification. Evidence of such a defense could not be admitted under a general denial. Neeves v. Costa, 5 Cal. App. 111, 89 Pac. 860. We are also of the view that the allegation of the complaint that defendants maliciously and with intent to injure the plaintiff caused notice of such detention and arrest to be widely published in newspapers for the purpose of injuring plaintiff in his reputation and credit was pleaded as an element of special damage, and not as stating a cause of action in libel and slander.

Finding no error in the record, the order appealed from is affirmed.

SMITH and GATES, JJ., not sitting.