TREDWAY, Respondent, v. BIRKS, et al, Appellants.

(242 N. W. 590.)

(File Nos. 7242, 7243. Opinion filed May 21, 1932.)

*Longstaff & Gardner,* of Huron, for Appellants.
*Matz & Wipf,* of Huron, for Respondent.

RUDOLPH, J. The complaint herein purports to state two causes of action. There are two defendants. Each defendant filed a separate demurrer to each cause of action. The demurrers were overruled by the trial court. Each defendant appealed, and the appeals are consolidated in this court by stipulation of the parties.

The complaint is voluminous, and it is impractical to set it out in hæc verba. The gist of each cause of action is to recover alleged damages resulting from the arrest of the plaintiff. We have carefully examined the complaint and are of the opinion that, to sustain either cause of action as pleaded, it must be sustained upon either the theory of false imprisonment or malicious prosecution. There is no contention by the pleader that either cause of action could be sustained upon any other theory, and we, therefore, limit our discussion to these two subjects.

■■ With reference to the first cause of action, the appellants contend that the complaint establishes the fact that the plaintiff, prior to the time it is alleged the defendants caused his arrest, had committed a felony; that this fact establishes that the arrest of the plaintiff was lawful, whether accomplished with or without a warrant, and it follows that there was no false imprisonment. The appellant further contends that, if the complaint alleges the commission of a felony by defendant, this establishes probable cause for the arrest and negatives any claim for malicious prosecution. In view of these contentions of the appellant, we set forth, in substance, the allegations of the complaint which appellants contend allege the commission of a felony by the plaintiff. The defendant Urquhart was engaged in the business of selling automobiles in Huron, the defendant Birks was the general manager of the business. The plaintiff purchased an automobile from Urquhart (through agents of Urquhart), and in part payment gave a chattel mortgage back on the automobile, which mortgage was filed in Beadle county. At the time the plaintiff purchased the car, he informed defendants' agents that he had a position with the Prohibition Department working out of Sioux Falls and needed the car in performance of his duties. The complaint then alleges that the defendants unlawfully induced the sheriff of Minnehaha county to arrest the defendant without having a warrant therefor; that the plaintiff "had merely taken said automobile to Sioux Falls for use in connection with his work."

Section 4380, R. C. 1919, as amended by chapter 110, Laws of 1925, in part provides that: "Every mortgagor of personal property, who, while the lien of his mortgage remains in force and unsatisfied * * * removes any part of the property covered by such mortgage from the County in which such mortgage is filed, except temporarily in accordance with the usual and customary use of the same, * * * without the written consent of the then holder of such mortgage shall be deemed guilty of a felony." Appellant contends that the facts above set out show the plaintiff guilty of violating the provisions of the above statute. With this we cannot agree. To sustain the demurrer on the grounds here urged, it must appear from the complaint that the above statute has been violated. We must be able to say that the complaint, not only alleges that the automobile was removed from Beadle

county without the written consent of the holder of the mortgage, but also that the automobile was not removed "temporarily in accordance with the usual and customary use of the same." The fact that the removal was something more than temporary in accordance with the usual and custormary use of the property is an essential ingredient of the offense as it is defined by the above statute, and must be established before it can be held that the statute has been violated. Nowhere in the complaint is it specifically alleged that the removal of the automobile was without the written consent of the holder of the mortgage, but, overlooking this essential (because it might be said that by necessary implication this fact is established in the complaint), what is there in the complaint to establish that the automobile was removed other than "temporarily in accordance with the usual and customary use of the same"? The defendant alleges that he "had merely taken said automobile to Sioux Falls for use in connection with his work." By his use of the word "merely" the plaintiff impliedly, at least, alleges that the removal was not unlawful. There is no allegation when the car was taken to Sioux Falls, how permanently it had been kept in Sioux Falls, or anything further regarding the removal than that he "had merely taken it to Sioux Falls for use in connection with his work." We are not willing to hold that by inserting this allegation in the complaint the plaintiff has established that the removal was something more than a temporary removal.

■ ■ False imprisonment is the unlawful restraint by one person of the physical liberty of another. An individual who didects or requests a peace officer to make an arrest which turns out to be illegal will be liable in the same manner as if he had made the arrest himself. 25 C. J. 469. The complaint not affirmatively showing that the plaintiff had committed a felony prior to his arrest, we are of the opinion that the facts alleged in the first cause of action show an unlawful imprisonment at the request of the defendants. The demurrer to the first cause of action was, therefore, properly overruled.

■ ■ The second cause of action alleges, in substance, the purchase of the automobile and the filing of the chattel mortgage; it further alleges an arrest of the plaintiff by the sheriff of Beadle county, upon a warrant issued by the municipal judge of Huron

based on a criminal complaint signed by these defendants. It is then alleged in this cause of action that at the preliminary hearing the defendants induced the municipal judge to disqualify himself and to appoint a lawyer, of the city of Huron, who was friendly to the defendants, to act as committing magistrate; that this lawyer and the defendants conspired and without probable cause held and bound over the plaintiff to answer the charges in circuit court; that the plaintiff was unable to furnish the bail required, and was held in jail until the next term of circuit court; that, at the term of circuit court, the circuit judge "discharged and released" the plaintiff, since which time the defendants have not prosecuted said criminal complaint, but have abandoned the same.

An essential element of an action for malicious prosecution is that there has been a bona fide termination of the proceedings upon which the malicious prosecution is based in favor of the present plaintiff. Just v. Martin Bros. Co., 37 S. D. 470, 159 N. W. 44, 45. That the plaintiff was acquitted of the charge, or the malicious prosecution was in some legal manner brought to a final determination in his favor, is an absolutely essential disclosure in an action for malicious prosecution. Schaefer v. Cremer, 19 S. D. 656, 104 N. W. 468. There is no allegation in the present complaint that the criminal action has ever been finally terminated. The most that appears is that in that action the circuit judge released and discharged the defendant; this cannot be considered as an allegation that the action was dismissed and finally terminated. Sections 4807 to 4812, R. C. 1919, provide for the method of dismissal of a criminal action. There is no showing that any of those sections have been complied with in connection with the criminal action. We conclude that the second cause of action does not state facts sufficient to sustain an action for malicious prosecution.

 Does the second cause of action state a cause of action for a false imprisonment? The action of false imprisonment cannot be maintained if the imprisonment is under legal authority. 25 C. J. 445. The warrant of arrest was legally issued. The fact that the attorney who acted as the committing magistrate together with the defendants conspired to bind the plaintiff over to the circuit court did not make the imprisonment of the defendant unlawful to the extent that it would support an action for false imprisonment. The attorney who acted as a committing magistrate

had jurisdiction of the subject of the action and the person. The fact that he acted maliciously does not go to the validity of his acts, but only to his motives. Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646. In the case of Just v. Martin Bros., supra, this court said: "If the committment was a valid one, the allegation that it was wrongful and maliciously issued was unimportant in an action for false imprisonment, for if the imprisonment was lawful, it did not become unlawful because done with malicious intent." In the present case the plaintiff was arrested under a proper warrant, and held to the next term of circuit court by a committing magistrate who had jurisdiction to act in the manner in which he did. We conclude that the second cause of action does not state facts sufficient upon which to predicate an action for false imprisonment.

The orders appealed from are sustained in so far as they overrule the demurrers to the first cause of action, and reversed in so far as they overrule the demurrers to the second cause of action.

No costs will be taxed in this court.

POLLEY, ROBERTS, and WARREN, JJ., concur.

CAMPBELL, P. J. (dissenting). A study of the complaint as a whole and some consideration of the oral argument of the pleader leads me to the view that no good cause of action is pleaded in behalf of plaintiff and against the defendants or either of them. I am therefore compelled to dissent.