[File No. Cr. 188]

STATE OF NORTH DAKOTA, Appellant, v. GEORGE J. THOMAS, Respondent.

(9 NW (2d) 442)

Opinion filed May 6, 1943.

*Alvin C. Strutz,* Attorney General, *Milton Moskau,* State's Attorney, and *Philip R. Bangs,* Assistant State's Attorney, for appellant.

*Norman G. Tenneson* and *Garfield H. Ruslad,* of Counsel, for respondent.

BURKE, J.: An information, charging the defendant with the crime of robbery was filed in the district court of Grand Forks county on January 18th, 1943. It was alleged in the information that the crime had been committed on December 20th, 1937. Defendant demurred to the information upon the grounds, (1) that the court had no jurisdiction of the offense charged therein; and (2) that upon the face of the information it conclusively appeared "that the crime alleged in said information has been barred by the statute of limitation as provided in the statutes of the state of North Dakota." The trial court made its order sustaining the demurrer upon the latter ground and directing the state's attorney to file an amended information setting forth facts which would avoid the bar of the statute of limitations. The state has appealed from this order.

There are five specifications of error which may be summed up under two general headings. 1. That a defendant in a criminal action may

urge the defense of a statute of limitations by evidence under the general issue only and not by challenging the sufficiency of the information. 2. That the demurrer does not specify which statutory ground for demurrer is relied on. The statutory provisions which we must consider are as follows:

"An information for any other felony than murder must be filed, or an indictment found, within three years after its commission; provided, that nothing in this section contained shall be construed to bar or prevent a person prosecuted for murder from being found guilty of manslaughter and punished accordingly." Section 10,521, Compiled Laws of North Dakota 1913.

"If when the crime or public offense is committed, the defendant is out of the state, or if the defendant is in the state when the crime is committed and subsequently leaves the state, the information may be filed, or the indictment found, within the time herein limited, after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within this state, is part of the limitation." Section 10,523, Supplement to Compiled Laws of North Dakota 1913.

"The defendant may demur to the information or indictment when it appears upon the face thereof, either:

"1. That the court has no jurisdiction of the offense charged therein; or, if an indictment, that the grand jury by which it was found had no authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the county or judicial subdivision.

"2. — — — — —

"3. — — — — —

"4. — — — — —

"5. That it contains any matter, which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." Section 10,737, Compiled Laws of North Dakota 1913.

"An indictment or information need contain no allegation of the time of the commission of the offense unless such allegation is necessary to charge the offense under § 7.

"2. The allegation is (of) an indictment or information that the

defendant committed the offense shall in all cases be considered an allegation that the offense was committed after it became an offense and before the finding of the indictment or information, and within the period of limitations prescribed by law for the prosecution of the offense."

"3.    All allegations of the indictment, information and bill of particulars shall, unless stated otherwise, be deemed to refer to the same time."    Section 11 of chap 132, Laws of North Dakota 1939.

"When an indictment or information charges an offense in accordance with the provisions of § 7, but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this State, the court may, of its own motion, and shall, at the request of the defendant, order the prosecuting attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the prosecuting attorney may of his own motion furnish such bill of particulars.

"2.    When the court deems it to be in the interest of·justice that facts not set out in the indictment or information or in any previous bill of particulars should be furnished to the defendant, it may order the prosecuting attorney to furnish a bill of particulars containing such facts.    In determining whether such facts and, if so, what facts should be so furnished, the court shall consider the whole record and the entire course of the proceedings against the defendant.

"3.    Supplemental bills of particulars or a new bill may be ordered by the court or furnished voluntarily under the conditions above stated.

"4.    Each supplemental bill shall operate to amend any and all previous bills and a new bill shall supersede any previous bill.

"5.    When any bill of particulars is furnished it shall be filed of record and a copy of such bill given to the defendant upon his request." Section 8 of chap 132, Laws of North Dakota 1939.

"If it appears from the bill of particulars furnished under § 8 that the particulars therein stated together with any particulars appearing in the indictment or information do not constitute the offense charged in the indictment or information or that the defendant did not commit that offense, or that a prosecution for that offense is barred by the statute of limitations, the court may, and on motion of the defendant or of the

prosecuting attorney shall, quash the indictment or information unless the prosecuting attorney shall furnish another bill of particulars which either by itself or together with any particulars appearing in the indictment or information so states the particulars as to make it appear that they constitute the offense charged in the indictment or information and that the offense was committed by the defendant and that it is not barred by the statute of limitations." Section 9 of chap 132, Laws of North Dakota 1939.

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of the objection to the information or indictment, or it must be disregarded." Section 10,738, Compiled Laws of North Dakota 1913.

It will be noted that § 10,521, supra, requires that prosecutions for felonies other than murder be commenced within three years but that § 10,523 provides the time when the defendant was not regularly a resident in the state shall not be included in the computation of time. Here it is alleged in the information that the crime was committed more than five years before the prosecution was commenced, and no mention is made therein of the place of the defendant's residence during that time. Upon its face the information shows that the prosecution was commenced after the period of limitation had run unless there exist facts which would bring the case within the statutory exception. The first question is whether an information is sufficient which fails to allege facts which would give rise to the exception when it otherwise shows that the crime was committed without the limited period of time. There is much diversity of opinion in the decisions upon this question. 27 Am Jur 637, Indictments and Informations; 31 CJ 673. We do not consider it necessary to review these decisions because as we view it the statutes of the state clearly point the way to a correct decision.

By the provisions of § 11 of chap. 132, supra, it is not necessary to allege the time of the commission of an offense in an information or indictment. But an information or indictment which does not allege the time of the offense is made sufficient by a statutory presumption that the offense was committed within the period of limitations prescribed by law. Our legislature has thus accepted the view that an information or indictment in order to be sufficient, must show that offense charged was

committed within the period limited by law for its prosecution, either by specific allegation or where no date is alleged, by aid of the statutory presumption. That the legislature so intended is supported by other provisions of chapter 132. Section 8 permits both informations and indictments to be supplemented by bills of particulars by order of the court, of its own motion, or upon the request of the defendant, or by the voluntary act of the prosecuting attorney. By the provisions of § 9, "if it appears from the bill of particulars . . . that the particulars therein stated together with any particulars appearing in the indictment of information . . . that a prosecution for that offense is barred by the statute of limitations, the court may, and upon motion of the defendant or of the prosecuting attorney shall, quash the indictment *unless the prosecuting attorney shall furnish another bill of particulars, which either by itself or together with any particulars appearing in the indictment or information so states the particulars as to make it appear . . . that it (the offense) is not barred by the statute of limitations."* (Italics ours.)

It is clear from the above language that one of the particulars upon which a defendant is entitled to demand enlightenment is the date of the commission of the offense charged and that when the allegations of the particulars, appearing in the bill, or in the bill and indictment or information taken together, discloses that the offense was committed at a time without the period of the statutory limitation the indictment or information is insufficient and must be quashed on defendant's motion. We think it clear too that the legislature must have had § 10,523, supra, in mind when it enacted that part of § 9 which we have set forth in italics. This provision allows a prosecuting attorney to save an information or indictment charging a crime apparently barred by limitation by the filing of an additional bill of particulars setting forth the exception which would toll the running of the statute.

In this case the information alleged the commission of an offense upon a date more than five years prior to the date of the filing of the information. The limitation within which the prosecution for the offense must be commenced is three years. The prosecuting attorney did not amend the information or file a bill of particulars setting forth any facts which would toll the running of the statute although the trial court afforded

him an opportunity to do so. There can be no question but that chapter 132, supra, would require that this information be quashed upon defendant's motion. The question then is may the insufficiency of the information in this respect be attacked by demurrer as well as by motion to quash.

The grounds for demurrer specified by § 10,737, supra, are exclusive and grounds not so specified may not be considered. 31 CJ 818; 23 Am Jur 702, Forgery. Defendant relies upon the fifth ground set forth in the statute, viz.: "That it (the information) contains any matter, which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." Defendant contends that the information contains matter, which, if true, would constitute a legal bar to the prosecution. On the other hand the State says that the expiration of the period of limitation does not constitute a legal bar to the prosecution for an offense but is an affirmative defense which can only be raised by evidence under the general issue. Both views are supported by cited authority from the decisions of the Federal courts and those of other states. (Notes reviewing the decisions may be found in 99 ALR 153 and 33 Mich L Rev 805.) In this state, however, the legislature has given recognition to the theory of the cases which hold that the statutory limitation does constitute a bar to prosecution. Otherwise it would not have said as it did in § 9 of chap 132, supra, "If it appears . . . that the offense . . . is barred by the statute of limitations the court . . . shall quash the indictment or information." Both the choice of language and of remedy are inconsistent with the state's theory that a statute of limitations in criminal matters is merely a statute of repose and a matter of affirmative defense. We must therefore consider that the expiration of the period of limitation for the prosecution of a crime is a legal bar to the prosecution and where the information or indictment discloses the bar, that fact is a ground for demurrer, by express statutory provision.

One question remains. Does the demurrer distinctly specify the grounds of objection as required by § 10,738, supra? As stated therein the ground of demurrer is "That upon the face of the information it conclusively appears that the crime alleged in said information is barred by the statute of limitations as provided in the statutes of the state of

North Dakota." Appellant contends that this language does not specifically set forth the grounds of objection and that the demurrer must therefore be disregarded. The gist of appellant's objection is that the ground of demurrer is not couched in the language of the statute. We see no merit in the contention. Section 10,738 requires that the ground of demurrer must be distinctly specified. Here it is specified with greater clarity than if the general language of the statute had been used. As we have held that the specific ground is one which is included in the general ground set forth in the statute, the demurrer is sufficient as to form.

The order of the district court sustaining defendant's demurrer is therefore affirmed.

MORRIS, Ch. J., and BURR and NUESSLE, JJ., concur.

CHRISTIANSON, J. (dissenting). The only questions presented for determination on this appeal are whether the information in this case shows that the prosecution is barred by the statute of limitations; and whether as a consequence the information is subject to demurrer. The prevailing opinion answers these questions in the affirmative. I am unable to agree. I believe the order sustaining the demurrer should be overruled.

Under our laws a defendant against whom an information has been filed may:—(1) Move to quash or set aside the information (Comp Laws 1913, § 10,728); (2) Demur to the information (Comp Laws 1913, §§ 10,735–10,745); or enter a plea. (Comp Laws 1913, §§ 10,735, 10,746–10,755.)

The information must be set aside by the court in which the defendant is arraigned upon his motion in either of the following cases: (1) In all cases when the defendant is entitled to a preliminary examination and has not had or waived such examination. (2) When the information is not subscribed by a person authorized to act as informant. (3) When the information is not verified. Comp Laws 1913, § 10,728. The motion to set aside must be in writing, subscribed by the defendant or his attorney and must specify clearly the ground of objection to the information. The motion must be made before the de-

fendant demurs or pleads, or the objection is waived. Comp Laws 1913, § 10,729. The only pleading on the part of the defendant is either a demurrer or a plea. Comp Laws 1913, § 10,735. Both the demurrer and the plea must be put in in open court. Comp Laws 1913, § 10,736. "The defendant may demur to the information . . . when it appears upon the face thereof, either: (1) That the court has no jurisdiction of the offense charged therein; . . . (2) That it does not substantially conform to the requirements of this code. (3) That more than one offense is charged therein. (4) That the facts stated do not constitute a public offense. (5) That it contains any matter, which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." Comp Laws 1913, § 10,737.

There are four kinds of pleas to an information, one of which is the plea of not guilty. Comp Laws 1913, § 10,746.

Our statutes provided:

"The precise time at which the offense was committed need not be stated in the information . . . but it may be alleged to have been committed at any time before the filing thereof, . . . except when the time is a material ingredient in the offense." Comp Laws 1913, § 10,689.

"The information or indictment is sufficient if it can be understood therefrom:— . . .

"5. That the offense was committed at some time prior to the time of the presenting of the information or of the finding of the indictment." Comp Laws 1913, § 10,693.

In 1939 the legislature enacted a law entitled "an act to make uniform the law on criminal indictment and information; defining terms included in this act; providing what an indictment or information must or need contain; setting forth forms thereof; providing for bills of particulars; in general covering and interpreting the law pertaining to indictments and informations, and repealing all acts and parts of acts in conflict herewith." Chapter 132, Laws 1939. The act contained a general repealing clause, but did not repeal any specific statutory provisions.

The Act contained the following provisions:—

*Section 7.   Charging the Offense.)*

(1) "The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:

(a) By using the name given to the offense by the common law or by a statute.

(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference." Section 7 of chap. 132, Laws of North Dakota 1939.

*Section 8.   Bills of Particulars.)*

"When an indictment or information charges an offense in accordance with the provisions of § 7, but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this State, the court may, of its own motion, and shall, at the request of the defendant, order the prosecuting attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the prosecuting attorney may of his own motion furnish such bill of particulars."   .   .   .   Section 8 of chap. 132, Laws of North Dakota 1939.

*Section 9.   Insufficiency, or Inconsistency Between Indictment or Information and Bill of Particulars.)*

"If it appears from the bill of particulars furnished under § 8 that the particulars therein stated together with any particulars appearing in the indictment or information do not constitute the offense charged in the indictment or information or that the defendant did not commit that offense, or that a prosecution for that offense is barred by the statute of limitations, the court may, and on motion of the defendant or of the prosecuting attorney shall, quash the indictment or information unless

the prosecuting attorney shall furnish another bill of particulars which either by itself or together with any particulars appearing in the indictment or information so states the particulars as to make it appear that they constitute the offense charged in the indictment or information and that the offense was committed by the defendant and that it is not barred by the statute of limitations." Section 9 of chap. 132, Laws of North Dakota 1939.

*Section 11.   Time.)*

(1) "An indictment or information need contain no allegation of the time of the commission of the offense unless such allegation is necessary to charge the offense under § 7.

(2) The allegation is (of) an indictment or information that the defendant committed the offense shall in all cases be considered an allegation that the offense was committed after it became an offense and before the finding of the indictment or information, and within the period of limitations prescribed by law for the prosecution of the offense."

(3) All allegations of the indictment, information and bill of particulars shall, unless stated otherwise, be deemed to refer to the same time." Section 11 of chap. 132, Laws of North Dakota 1939.

*Section 28.   Exceptions.)*

"No indictment or information for an offense created or defined by statute shall be invalid or insufficient merely for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense." Section 28 of chap. 132, Laws of North Dakota 1939.

*Section 35.   Repugnancy.)*

"No indictment or information that charges an offense in accordance with the provisions of § 7 shall be invalid or insufficient because of any repugnant allegation contained therein." Section 35 of chap. 132, Laws of North Dakota 1939.

*Section 36.   Surplusage.)*

"Any allegation unnecessary under existing law or under the provisions of this chapter may, if contained in an indictment, information or bill of particulars, be disregarded, as surplusage." Section 36 of chap 132, Laws of North Dakota 1939.

*Section 40.   Interpretation of the Act.)*

"Nothing contained in this chapter shall be so construed as to make invalid or insufficient any indictment or information which would have been valid and sufficient under the law existing at the date of the enactment of this chapter." Section 40 of chap. 132, Laws of North Dakota 1939.

Our laws limiting the time within which prosecution for crime may be commenced provide as follows:—

"An information for any other felony than murder must be filed or an indictment found, within three years after its commission." Comp Laws 1913, § 10,521.

"If when the crime or public offense is committed, the defendant is out of the state, or if the defendant is in the state when the crime is committed and subsequently leaves the state, the information may be filed, or the indictment found, within the time herein limited, after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within this state, is part of the limitation." Section 10,523, 1925 Supplement.

The information in this case was filed January 18, 1943. It is alleged in such information:—"That heretofore, to wit: on or about the 30th day of December in the year of our Lord one thousand nine hundred and thirty-seven . . . one George J. Thomas . . . did commit the crime of Robbery in the First Degree."

It is that part of this allegation which charges that the crime was committed on or about December 30, 1937, that gives rise to the controversy presented for determination on this appeal. It will be noted that under the laws of this state it is not necessary to allege in the information the time of the commission of the offense, except when the time is a material or essential ingredient of the offense. Laws of 1939, chap. 132, § 11; Comp Laws 1913, §§ 10,689, 10,693.

Time is not a material or essential ingredient of robbery in the first degree and an information charging the commission of the crime is sufficient under our statutes if it can be understood therefrom that the offense was committed at some time prior to the time of the presenting of the information. It is not denied that if the words specifying the date of the commission of the offense (December 30, 1937) had been eliminated the information would have been sufficient; but the majority

hold, that these words show that the offense was committed by the defendant at a time so as to render the statute of limitations effective, and that the allegation of such time shows that the prosecution is legally barred.

As has been noted, under the laws of this state an information is not required to set forth the precise time the offense was committed, except when the time of the commission is a material or essential ingredient of the offense itself.

It would seem to follow as a corollary that if in such case the information states a date, the date so charged does not become a material part of the charge so as to require the state to prove that the offense was committed on the particular date charged, and the overwhelming weight of authority supports the rule that the state's proof will be sufficient as to the time if it establishes the commission of the criminal acts that constitute the essence of the offense at any time during the period within which the offense may be prosecuted. State v. Webb, 36 ND 235, 162 NW 358; State v. Sysinger, 25 SD 110, 125 NW 879, Ann Cas 1912B 997; Ealum v. State, 32 Okla Crim Rep 197, 239 P 933; State v. Spiegel, 39 Wyo 309, 270 P 1064, 64 ALR 289; 31 CJ pp 681, 841; 2 Wharton, Criminal Evidence, 11th ed, pp 1824 et seq; 5 Reid's Branson, Instructions to Juries, 3d ed, § 3367, pp 138, 139; 2 Brickwood's Sackett, Instructions, p 1774, § 2781. Of course, if the proof shows that the criminal acts were committed at a time so that prosecution is barred by the statute of limitations the defendant will be entitled to an acquittal of the charge. United States v. Barber, 219 US 72, 55 L ed 99, 31 S Ct 209; Biddinger v. Police Comr. 245 US 128, 62 L ed 193, 38 S Ct 41; State v. Rook, 61 Kan 382, 59 P 653, 49 LRA 186; 15 Am Jur 38, Criminal Law, § 358.

If the information in this case had charged that the crime was committed on January 18, 1943, and the state had offered evidence showing that the crime was committed on any other date within three years prior to January 18, 1943, the evidence concededly would have been admissible; there would have been no material variance between the date alleged and the date proven, and it would have been correct for the trial court to have instructed the jury that the state was not required to prove that the crime charged had been committed on the exact date alleged in

the information; that it was sufficient for the state to show that the crime was committed at any time within three years prior to January 18, 1943. In other words in such case, the date alleged would not have been deemed to be material or binding, and proof of the commission of the criminal acts on some date, other than that alleged, would have been admissible; and if such other date were one during the period within which the offense might be prosecuted, the time of the commission of the offense so shown would in legal contemplation have been the time alleged in the information. Of course, if the evidence adduced had shown that the offense had been committed at a time so as to render the statute of limitations a bar, then the state would have failed to establish facts sufficient to justify a verdict or judgment against the defendant, and he would have been entitled to an acquittal.

How can it logically be said that if a date alleged in an information is within the three-year period that this date is immaterial and not binding upon the state at all, but that if a date is alleged prior to such three-year period that then such date becomes material and it must be presumed that this date and this date alone is the one on which the criminal acts were committed, and that the prosecution is unable to show, and will be precluded from showing, that such acts were committed on some other date before the information was presented and during the period within which the offense may be prosecuted?

It would seem that if the allegation as to date is immaterial and not binding in the one case, it would be immaterial and not binding in the other; that if the prosecutor in one case may prove a date different from that alleged, he may do so in the other, and that is the view taken by the Supreme Court of the United States and by the Supreme Court of South Dakota. United States v. Cook, 17 Wall.(US) 168, 178, 21 L ed 538, 541; Smith v. Jones, 16 SD 337, 344, 92 NW 1084, 1086.

Under that view it would logically follow that an information in a case where time is not a material ingredient of the offense will not be rendered demurrable because it alleges that the offense was committed on a date which would render the statute of limitations applicable, for the allegation as to time being immaterial, the state might show that the offense was committed on some date during the period within which the offense might be prosecuted.

The majority opinion lays much stress on chap. 132, Laws 1939, and it is said, "there can be no question but that chap. 132, supra, would require that this information be quashed upon defendant's motion." I disagree. Said chap. 132 does not purport to give to an allegation of the time of commission of an offense any different and more binding force or materiality than it had under laws in existence when the chapter was enacted. Instead of adding to the matters that must be set forth in an information it makes unnecessary and immaterial certain allegations that theretofore were necessary and material. As to the time of commission of the offense, it provides that "an information need contain no allegation of the time of the commission of the offense unless such allegation is necessary to charge the offense under § 7" of the act. Id. § 11. In other words, it is not necessary to allege the time of the commission of the offense unless the time is a material ingredient of the offense, within the purview of § 7 of the act. The act further provides:—"Any allegation unnecessary under existing law or under the provisions of this chapter may, if contained in an indictment, information or bill of particulars, be disregarded, as surplusage." Id. § 36. It, also, provides:—"Nothing contained in this chapter shall be so construed as to make invalid or insufficient any indictment or information which would have been valid and sufficient under the law existing at the date of the enactment of this chapter." Id. § 40. Section 8 of the chapter provides that when an information charges an offense in accordance with the provisions of § 7 of the chapter, "but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall at the request of the defendant, order the prosecuting attorney to furnish a bill of particulars containing such information as may be necessary for these purposes." Section 9 of the chapter provides that if it appears from the bill of particulars so furnished "that the particulars therein stated together with any particulars appearing in the indictment or information do not constitute the offense charged in the indictment or information or that the defendant did not commit that offense, or that a prosecution for that offense is barred by the statute of limitations, the court may, and on motion of the defendant or of the prosecut-

ing attorney shall, quash the indictment or information unless the prosecuting attorney shall furnish another bill of particulars which either by itself or together with any particulars appearing in the indictment or information so states the particulars as to make it appear that they constitute the offense charged in the indictment or information and that the offense was committed by the defendant and that it is not barred by the statute of limitations."

The procedure outlined in § 9 of the act applies only where certain definite and positive facts have been stated in a bill of particulars. In such case, where the facts set forth in the bill of particulars together with those stated in the indictment or information show (1) that no offense was committed; (2) that the defendant did not commit the offense; or (3) that the prosecution for the offense is barred by the statute of limitations, an ordinary trial, and the introduction of proof, will be dispensed with and the information or indictment may be quashed and the case dismissed.

In this case no bill of particulars was demanded or furnished. The averments in the information have such meaning, force and effect as they ordinarily have. They have not been given additional support and binding effect, nor have their force and effect been impaired, by the additional facts stated in a bill of particulars.

It seems entirely clear that the provisions of § 9 were intended to apply only where the facts stated in the bill of particulars together with those appearing in the indictment or information show positively and definitely that one of the three specified states of fact exists. Under our laws the allegation of the date of the commission of an offense, like the one in question here, does not show that the crime was committed on the date alleged. It may have been committed on some other and quite different date, and the state may show that. But even if the date of the commission of the offense be shown definitely and positively, it does not follow that the statute of limitations has continued to run since that date.

The statute limiting the time within which an offense may be prosecuted is the sole measure of the limitation, for in the absence of statute, a criminal prosecution is not barred by the lapse of time. 22 CJS pp. 349 et seq. The statute of limitations as to felonies (other than murder) is not contained wholly in § 10,521, Comp Laws 1913. It is con-

tained, also, in § 10,523 of the 1925 Supplement. These two sections must be read together. When so read, the statute of limitations as applicable here would read:—"An information for robbery in the first degree must be filed within three years after its commission; but if when the crime is committed the defendant is out of the state, or if the defendant is in the state when the crime is committed and subsequently leaves the state, the information may be filed, within the time herein limited, after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within this state, is part of the limitation."

If the question were submitted whether a person who had committed robbery in North Dakota on December 30, 1937, would be subject to prosecution therefor on January 18, 1943, or whether prosecution would be barred by the lapse of time, obviously no categorical answer could be given. The only correct answer that could be given would be that that would depend upon the habitation of the person who had committed the offense during the period intervening the date of the commission and January 18, 1943; that if the defendant remained within the state and was an inhabitant thereof, then the prosecution would be barred at the expiration of three years from the date of the commission of the offense, but that if the defendant was out of the state at the time the offense was committed, or if he left the state after its commission, then the period that he was absent from the state and not an inhabitant or usual resident thereof. must be deducted from the limitation period, and that "no time during which the defendant was not an inhabitant of, or usually resident, within this state, is part of the limitation."

Before an information may be quashed under § 9, chapter 132, Laws 1939, it must appear definitely and affirmatively from the facts stated in the information and in the bill of particulars that the prosecution is barred under the provisions of § 10,521, Comp Laws 1913, and § 10,523, of the Supplement of 1925. Obviously this requires not merely that the information and bill of particulars taken together show positively that the alleged crime was committed more than three years prior to the filing of the information, but, also, that the three-year period has not been suspended on account of the absence or nonresidence of the defendant for such period intervening the date of the commission of the

offense and the date of the filing of the information as to render the filing of the information timely under § 10,523 of the Supplement.

To summarize. In my opinion the information in this case is not subject to demurrer because:—(1). The date alleged in the information is not material or binding; the prosecution may prove any other date, and it may adduce evidence showing that the offense was committed within three years immediately prior to the filing of the information; and, (2). If the proof shows that the offense was committed on the date charged, or on some other date more than three years prior to the filing of the information, the state may show that the defendant left the state immediately after the offense was committed and that he continued to remain out of the state continuously for a period of time, which if deducted from the three year period as required by § 10,523 of the 1925 Supplement would render the filing of the information timely. United States v. Cook, 17 Wall.(US) 168, 21 L ed 538 and Smith v. Jones, 16 SD 337, 92 NW 1084, supra.

The order sustaining the demurrer should be reversed.