Dennis N. CATENCAMP, Plaintiff
and Appellant,

v.

Harry J. ALBRIGHT, Defendant
and Respondent.

No. 11925.

Supreme Court of South Dakota.

Argued Nov. 16, 1976.

Reassigned Jan. 6, 1977.

Decided March 4, 1977.

Gary W. Conklin, Robert B. Looby, and
Nancie J. Dugan, of Looby & Conklin,
Pierre, for plaintiff and appellant.

Thomas G. Fritz, of Lynn, Jackson,
Shultz, Ireland & Lebrun, Rapid City, for
defendant and respondent.

DUNN, Chief Justice (on reassignment).

This is an appeal from a summary judg-
ment in favor of defendant handed down by

the Circuit Court of the Seventh Judicial Circuit. Plaintiff claims the trial court erred in not finding that there was evidence to support his claim of false imprisonment. We affirm.

This dispute arose while the plaintiff was operating a business in Rapid City, South Dakota, called "Mr. Cycle" during a period from April 1, 1974, to September of 1974. This business was subject to the South Dakota Sales and Use Tax laws. In particular issue was a third-quarter sales tax return due on October 15, 1974. The defendant, employed as a field auditor for the Sales and Use Tax Division of the South Dakota Department of Revenue, contacted plaintiff on several occasions between December 9, 1974, and January 21, 1975, relative to filing this delinquent return. Finally, plaintiff came to defendant's office on February 4, 1975, and the defendant assisted plaintiff in filing an amended second-quarter return, as well as the delinquent third-quarter return. The third-quarter return allowed credit for an overpayment of $144.99 in the amended second-quarter return and also credited plaintiff with $17.91 in bad debts. After allowance of these credits, plaintiff owed $77.31 which he did not pay. After several warnings, defendant contacted the state's attorney and requested that a complaint be filed against plaintiff for failing to pay the sales tax due and owing the State of South Dakota under the third-quarter return. As a result of this complaint, plaintiff was arrested, appeared in magistrate court, plead guilty to the charge, and was fined $25 and costs on April 1, 1975. On April 18, 1975, plaintiff, again with the assistance of defendant, prepared an amended third-quarter return showing a number of bad debts which eventually resulted in a refund of sales tax in the amount of $140.11.

On the basis of these facts, plaintiff now contends that he owed no tax at the time he was arrested and plead guilty to the charge of failing to pay sales tax for the third quarter, and that this amounted to false imprisonment. Plaintiff readily admitted in his deposition that he had discussed these other bad debts with the defendant on February 4th when the original third-quarter return was prepared and filed, but that he did not claim them as he was hopeful the debts could be collected.

Under these facts, the trial court properly found that there was no basis for the claim of false imprisonment and properly granted summary judgment to the defendant.

In South Dakota, false imprisonment contains two elements: (1) detention or restraint of the person, and (2) unlawfulness of such restraint or detention. *Burlington Transportation Company v. Josephson,* 1946, 8 Cir., 153 F.2d 372. Plaintiff complains of an unlawful restraint for a couple of hours at the county jail before bond could be posted. If unlawful, this restraint would be sufficient to state a cause of action. *Culver v. Burnside,* 1920, 43 S.D. 398, 179 N.W. 490. However, the arrest and detention here were not unlawful. The defendant followed the statute to the letter in turning this matter over to the state's attorney after repeated warnings. The action for false imprisonment cannot be maintained if the imprisonment is under legal authority. *Tredway v. Birks,* 1932, 59 S.D. 649, 242 N.W. 590. The fact that plaintiff later filed an amended return showing bad debts which were still thought to be collectible at the time of the original return is immaterial to this action. Plaintiff's admission that these additional bad debts were discussed with the defendant on February 4, 1975, and that plaintiff wished further time to attempt collection before charging them off as bad debts forecloses any claim that he was misinformed or misled by the defendant.

Plaintiff contends in his brief on appeal that the warrant under which he was arrested was not signed by a magistrate and was therefore void. We find no such allegation in the complaint and the arrest warrant is not a part of the settled record and there is no evidence that the claim or evidence in support thereof was presented in the trial court. Assuming, arguendo, the issue is properly before us, the judgment of the trial court was nonetheless correct.

*Smith v. Jones,* 1902, 16 S.D. 337, 92 N.W. 1084.

> "In criminal proceedings a person who simply lays facts before the justice, and leaves all further action to the unbiased and unsolicited conduct of the latter, is not liable in false imprisonment unless he takes some part in the furthering of the arrest or urging the detention." 92 N.W. at 1086.

Neither in the complaint nor otherwise does plaintiff claim that defendant did anything after signing the complaint.

The arrest and restraint were lawful when made, and the subsequent amended return could not affect their legality.

Affirmed.

All the Justices concur.